RALPH E. BOLTON V. STATE.

No. 26,666. February 24, 1954.

*Baldwin & Votaw,* by *W. J. Baldwin,* Beaumont, for appellant.

*John O. Young,* County and District Attorney, and *Milton C. Regan,* Assistant County and District Attorney, Orange, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a conviction for maintaining a gambling house, as condemned by Art. 625, P.C. The punishment assessed was two years.

The case turns upon whether the court erred in overruling the plea that appellant was rendered immune from this prosecution by reason of the provisions of Art. 639, P.C., which reads, in part, as follows:

"PROCEDURE IN GAMING CASES—Any court, officer or tribunal having jurisdiction of any offense enumerated in this chapter, or any district or county attorney, may subpoena persons and compel their attendance as witnesses to testify as to the violation of any provision of the foregoing articles of this chapter. Any person so summoned and examined shall not be liable to prosecution for any violation of said articles about which he may testify. * * *"

Art. 625, P.C., is one of the articles there referred to.

The grand jury, while investigating the nature of the operation of the house in question, requested the sheriff to secure the presence of appellant. Appellant was not a resident of

Orange County and, being informed that only the clerk could issue an out-of-county summons and his office was closed, the sheriff was told "Well get him, put a pick-up out on him, or a warrant and anything else you have to have. You know how to go about it, just get him over here."

The sheriff immediately notified appellant by telephone that he was wanted by the grand jury as a witness, and told him that if he did not appear he, the sheriff, would come after him. In response to that notice, appellant, within a short time, did appear before the grand jury and did, as a witness, testify as to his guilty connection and participation in the keeping of the gaming house for which he stands here convicted.

Members of the grand jury testified that appellant did appear and testify before that body as to facts about the offense for which he was thereafter indicted and admitted his guilt. These grand jurors, however, said that before so testifying appellant was admonished that he did not have to testify and, in the event he did do so, his testimony could be used against him.

We are of the opinion that the circumstances under which appellant appeared and testified before the grand jury are, within the meaning of Art. 639, P.C., equivalent to being summoned as a witness to appear before said body.

The undisputed evidence shows that appellant was examined by said grand jury and that he was interrogated and gave testimony about the particular violation of the statute upon which this prosecution is based.

The admonition given appellant as shown by the testimony of the grand jurors in regard to his testifying is of no consequence. The sole question here is whether he is immune from prosecution under the terms of Art. 639, P.C.

In Dodson v. State, 89 Tex. Cr. R. 541, 232 S.W. 836, we said: "The option of calling one who has engaged in gambling is with the prosecuting officers, but, having exercised the option and secured the testimony by the means provided by the statute, the law operates to make those complying with it immune."

The undisputed evidence shows facts which, under Art. 639, P.C., render appellant immune from prosecution for the offense for which he has been here convicted.

456

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.