CHARLES RUSSELL *v.* JIMMY MILLER, MAYOR

5787                                    487 S.W. 2d 617

Opinion delivered December 11, 1972

*Troy Wiley,* for appellant.

*Lightle, Tedder & Hannah,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged in the mayor's court of the city of Judsonia with driving while intoxicated, an offense under State law. The mayor denied the defendant's motion to transfer the case to the municipal court of the city of Searcy. The defendant then petitioned the circuit court for a writ of mandamus directing the mayor to grant the requested transfer. This appeal is from a circuit court order denying the petition for mandamus.

We think the appellant's position is well taken. The statute invests the mayor's court with the jurisdiction and power of a justice of the peace in criminal cases arising from State offenses committed within the corporate limits. Ark. Stat. Ann. § 19-1102 (Repl. 1968). A separate statute provides that in any criminal case brought before a justice of the peace in any township in a county wherein a municipal court exists, the defendant may, on motion, take a change of venue to the municipal court. Upon the filing of such a motion of the justice of the peace "shall have no further jurisdiction in

the case." Ark. Stat. Ann. § 22-725 (Repl. 1962). The section just cited is part of Act 60 of 1927, as amended, which also provides that the municipal court's jurisdiction is exclusive of justices of the peace in townships subject to the act. Section 22-709.

When the statutes are read together we construe them to mean that the jurisdiction of the mayor's court, like that of the justice of the peace, is subject to a motion to transfer to municipal court when a State offense is involved. Evidently the legislature sought to achieve equality and uniformity of treatment with respect to such offenses, by making it possible for the cases to be heard by the same tribunal. Moreover, the municipal judge is required by Act 60, *supra* (§ 22-704), to be a licensed lawyer, but there is no similar requirement with regard to mayors or justices of the peace. Thus there are sound reasons supporting the appellant's contention, while, on the other hand, we discern no basis for a legislative distinction between the justice of the peace court and the mayor's court (now renamed the city court by Act 153 of 1971; Ark. Stat. Ann. § 19-1102.1 [Supp. 1971]).

We must decline counsel's invitation to speculate about the effects upon our city courts that may result from the Supreme Court's decision last month in *Ward* v. *Village of Monroeville*, 404 U.S. 1058, 92 S. Ct. 735, 30 L. Ed. 2d 745 (1972). There Ward, in support of his objection to being tried in the mayor's court, showed that the mayor had broad responsibilities in the successful administration of the village government and also that the fines imposed by him in the mayor's court amounted to specified and substantial portions of the village income. The court held the mayor's conflict of interest to be so great as to preclude him from presiding at the trial. In the case at bar the appellant made no similar objection to being tried by the mayor, offered no similar proof with respect to the city's income, and in fact is not even going to be tried by the mayor, under our decision. Hence any comment by us upon the Supreme Court's decision would be

contrary to our settled practice of not discussing questions of theoretical interest only. *Lytle* v. *Zebold,* 227 Ark. 431,299 S.W. 2d 74 (1957).

Reversed.