## J. N. McKNIGHT v. Charles NEWKIRK

73-283                                              507 S.W. 2d 98

### Opinion delivered April 1, 1974

*Murphy, Carlisle & Taylor*, by: *Robert R. White*, for appellant.

*Estes, Storey & Estes*, by: *William A. Storey* and *Peter G. Estes, Jr*, for appellee.

CONLEY BYRD, Justice. The issue here is whether a person prosecuted in a Mayor's court for violation of a municipal ordinance is entitled to take a change of venue under Ark. Stat. Ann. § 22-725 (Repl. 1962), to a municipal court. Appellee Charles Newkirk, who was charged in the mayor's court of West Fork, Arkansas, with violation of a zoning ordinance, obtained a writ of mandamus in the circuit court to compel appellant, J. N. McKnight, mayor of West Fork, to transfer the venue to the Fayetteville Municipal Court. We agree with appellant that the trial court erroneously interpreted the statute.

A reading of Ark. Stat. Ann. § 22-725, *supra*, will show that a change of venue is required only when a civil or criminal case is brought before a justice of the peace. In *Russell* v. *Miller*, 253 Ark. 583, 487 S.W. 2d 617 (1972), we construed this statute as being applicable to a mayor's court when it was exercising the jurisdiction of a justice of the peace. However Ark. Stat. Ann. § 43-1405 (Repl. 1964), gives mayor courts exclusive jurisdiction ". . .of all prosecutions and actions for infractions of the by-laws or ordinances of the city or town in which they are located. . .". Consequently, it follows that the writ of mandamus issued by the trial court must be set aside.

Reversed and remanded.