The CITY COURT OF PEA RIDGE, ARKANSAS
*v.* Albert TINER

86-267                                                            729 S.W.2d 399

Supreme Court of Arkansas
Opinion delivered May 26, 1987

*Thurston Thompson*, for appellant.

*Jeff Duty*, for appellee.

JACK HOLT, JR., Chief Justice. Albert Tiner was charged in the City Court of Pea Ridge under state law for driving while intoxicated. The city court refused his motion for a change of venue to Rogers Municipal Court. Tiner subsequently petitioned the Benton County Circuit Court for a writ of prohibition to prevent the city court from proceeding. The circuit court granted the writ and ordered a change of venue. The city court appeals from that order.

We agree with the trial court and affirm. In *Russell* v. *Miller*, 253 Ark. 583, 487 S.W.2d 617 (1972), we analyzed similar issues in light of Ark. Stat. Ann. § 19-1102 (Repl. 1980) and § 22-725 (Repl. 1962). Section 19-1102 invests the mayor's court (now renamed the city court) with the same jurisdiction and power of a justice of the peace over criminal cases arising under the laws of this state. Section 22-725 provides the jurisdiction of the justice of the peace may be subject to a motion for change of venue to municipal court and that, upon the filing of such a motion, the justices of the peace "shall have no further jurisdiction in the case." We concluded, and rightfully so, that when these statutes are read together, they mean that the jurisdiction of

the mayor's court (city court), like that of the justice of the peace, is subject to a motion to transfer to municipal court when a state offense is involved, and that upon the filing of a motion to take a change of venue, jurisdiction is withdrawn from the city court.

■ Divestment of jurisdiction from the city court is not contrary to Ark. Const. art. 7, § 43, which gives the General Assembly authority to set jurisdiction of corporation courts.

■ Writs of prohibition may be utilized when the trial court is entirely without jurisdiction or is attempting to act beyond its jurisdiction. *Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980). The granting of the writ of prohibition in this instance was proper.

Affirmed.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice dissenting. In my opinion the legislature cannot confer jurisdiction in a criminal case upon a municipal court when the act is committed beyond its corporate limits. That was the intent of the constitution in its scheme of inferior courts. Ark. Const. art. 7, §§ 40, 45. See also my dissent in *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981).

The effect of the majority's decision is that an offense committed in one city can be tried in another. This is not a question of venue, but of jurisdiction. Furthermore, the statute does not state cases from city courts may be transferred to another court, only cases from justices of the peace courts. Whatever happened to the law that we interpret legislative acts according to the clear meaning of the words used? *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977); *Vault* v. *Adkisson*, 254 Ark. 75, 491 S.W.2d 609 (1973). This is yet another decision compounding the confusion that exists in the inferior court system.