CITY OF SPRINGDALE *v.* Timothy P. JONES

87-321                                          747 S.W.2d 98

Supreme Court of Arkansas
Opinion delivered March 28, 1988

*Harper & Blocker, P.A.*, by: *Jeff C. Harper*, for appellant.

*E. Kent Hirsch, P.A.*, by: *E. Kent Hirsch*, for appellee.

DARRELL HICKMAN, Justice. The City of Springdale is located primarily in Washington County, Arkansas, but its city limits extend into adjacent Benton County. The question is whether the municipal court of the City of Springdale has jurisdiction over criminal offenses committed in Benton County. The answer is no. The Arkansas Constitution prevents it.

The facts are not disputed. Timothy Jones was arrested for DWI in the city limits of Springdale, Benton County. This case was originally filed in Springdale Municipal Court, located in Washington County. Evidently the voters of the city from both counties elect the municipal judge.

After Jones was convicted, he appealed to the Washington County Circuit Court. The judge stated he would consider an oral motion for a writ of prohibition which was made by Jones and granted. The judge concluded the municipal court had no jurisdiction over offenses occurring in Benton County. He was right.

Article 2 § 10 of the Arkansas Constitution provides in part:

> In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed;
> . . . .

The City of Springdale asks us on appeal to solve the dilemma it finds itself in. We cannot consider a question raised for the first time on appeal and do not give advisory opinions. *Mitchell* v. *First Nat'l Bank in Stuttgart*, 293 Ark. 558, 739 S.W.2d 682 (1987); *Cummings* v. *City of Fayetteville*, 294 Ark. 151, 741 S.W.2d 638 (1987).

Affirmed.