Billy F. PSCHIER *v.* STATE of Arkansas

CR 88-109                                                     760 S.W.2d 858

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*Murphy & Carlisle*, by: *John Wm. Murphy*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

JOHN I. PURTLE, Justice. On appeal from the decision of the West Fork Municipal Court, the appellant was convicted of DWI in the Washington County Circuit Court. For reversal of that judgment he contends that his constitutional rights were violated by his trial in the West Fork Municipal Court, and that the trial in that court was in violation of Ark. Code Ann. § 16-85-201 (1987). We find no error in the appellant's trial in circuit court and therefore affirm that decision.

On August 1, 1987, the appellant was attempting to operate his vehicle at about 2:30 a.m. on Highway 16, slightly east of Elkins, Arkansas, when he ran into a ditch. A deputy sheriff picked him up at the scene and transported him to the Washington Regional Hospital where blood samples were drawn for the

purpose of testing the appellant's blood alcohol content. The appellant was taken from the hospital to the Washington County Jail in Fayetteville. He was charged with driving while under the influence, failing to keep his vehicle under control, and refusing to take further tests pursuant to the implied consent law.

The appellant was assigned to be tried in the West Fork Municipal Court on August 25, 1988. The record shows that on that date he was found guilty of DWI in the West Fork Municipal Court and sentenced to seven days in jail and a fine of $442.00. That judgment was then appealed to the circuit court. There is no record of the proceedings in the municipal court other than the judgment. However, at the trial de novo in circuit court, the appellant argued that is was prejudicial error to have allowed the appellant, who was arrested near Elkins, where a municipal court existed, to be taken to Fayetteville, where another municipal court existed, and then to be ordered to the West Fork Municipal Court for trial.

The arguments made in the circuit court concern only the jurisdiction and venue of the municipal court. However, we are not reviewing the conviction and judgment in municipal court in this appeal. Here, we consider only the judgment appealed from, which is a judgment of conviction from the circuit court of Washington County. That circuit courts have county-wide jurisdiction is not contested in this appeal. A trial de novo was held in the circuit court and the appellant apparently received a fair trial on the merits of his case. There is no allegation to the contrary.

In a companion case, *Griffin* v. *State*, 297 Ark. 208, 760 S.W.2d 852 (1988), we have reached the same conclusion. We therefore do not deem it necessary to cite the decisions discussed in the *Griffin* opinion.

It is apparent that the appellant's disagreement with the manner in which his case was handled concerns alleged forum shopping on the part of arresting officers. He also argues that municipal judges, who are not elected county-wide, should not have jurisdiction beyond the geographical boundaries of their respective municipal courts. We do not reach the merits of either contention. Moreover, this opinion should not be interpreted to mean that municipal courts may take jurisdiction of any and all cases which may arise in their respective counties.

Affirmed.

GLAZE, J., concurs.

HOLT, C.J., HICKMAN and NEWBERN, JJ., dissent.

See dissenting opinions in *Griffin* v. *State*, decided this date.