The Honorable Frank J. Willems State Representative Route 3 Paris, AR 72855
Dear Representative Willems:
This is in response to your request for an opinion on two questions concerning the City Court of Magazine, Arkansas and the Municipal Court held in Booneville. Specifically, you have noted that the City of Magazine has a city court, but that additionally, the people of Magazine help elect a municipal judge "who has jurisdiction over South Logan County", including the cities of Booneville, Magazine, and Blue Mountain. Your questions relative to these facts are:
1. Can the municipal judge enforce Magazine city ordinances?
 2. Can Magazine replace the elected judge with an appointed attorney?
We are a little unclear as to the facts under which the people of Magazine help elect the municipal judge who holds court in Booneville. It is our assumption that the Booneville municipal judge is elected county or district-wide, as provided for in A.C.A. 16-17-120 (Supp. 1989), and that the City of Magazine has not entered into an agreement by which the city agrees to help elect and be served by the Booneville municipal judge under A.C.A.16-17-101, or 16-17-402 or 403. See generally Opinion Nos. 88-054
and 88-120, copies enclosed. If these assumptions represent the true state of affairs, it is my opinion, in response to your first question, that the municipal judge may not enforce Magazine city ordinances because exclusive jurisdiction over them is granted to the city court under A.C.A. 14-44-108(d)(1), as follows: "The mayor shall have exclusive jurisdiction of all prosecutions for violation of any ordinances of the city." Compare A.C.A. 16-17-704
(Supp. 1989), which gives exclusive jurisdiction to municipal courts over violations of all ordinances passed by the city council of the city "wherein the court is situated." Absent an agreement on the part of the City of Magazine to be served by the Booneville Municipal Judge, it is my opinion that when these two statutes are read together, the city court has exclusive jurisdiction over violations of Magazine city ordinances.
City courts were formerly referred to as "mayor's courts" and are presided over by the mayor or a designated justice of the peace in the township, (A.C.A. 14-44-108(a) and (b), and City Court of Pea Ridge v. Tiner, 292 Ark. 253, 729 S.W.2d 399 (1987), or the city recorder, 14-42-111, or by a qualified elector or licensed attorney appointed by the mayor. 16-18-112(b).
In response to your second question, I assume you are inquiring as to whether the City of Magazine can replace the "elected judge" of the city court with an appointed attorney. Again, we are a little unclear as to the facts as they relate to your question, because the "judge" of the city court is not elected; he or she is either the mayor, a justice of the peace, the recorder, or a qualified elector or an attorney appointed by the mayor. It is my understanding, however, that the judge of the Booneville Municipal Court and the "judge" of the Magazine City Court are one and the same person. Perhaps the confusion stems from this fact. It is clear, in my opinion, however, that the judge of a city court is either the mayor or someone appointed by the mayor. To this extent the answer to your question is "yes". The city court judge can be an attorney appointed by the mayor. See A.C.A.16-18-112(b).
The City of Magazine, however, would have no authority to replace the municipal judge who holds court in Booneville with an appointed attorney, as municipal judges are in most cases elected.
See, however, A.C.A. 16-17-503(a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.