Leon ASHWORTH *v.* STATE of Arkansas

CR 91-104                                     816 S.W.2d 597

Supreme Court of Arkansas
Opinion delivered September 30, 1991

*Murphy and Carlisle*, by: *Marshall N. Carlisle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Leon Ashworth contends the Municipal Court, in which he was convicted of driving while intoxicated and failure to maintain control of a motor vehicle, lacked jurisdiction. Ashworth was arrested in Fayetteville where the offenses allegedly occurred but tried in the Elkins Municipal Court. He contends that county-wide jurisdiction granted to Municipal Courts by Ark. Code Ann. § 16-17-206(b) (Supp. 1989) violates the Arkansas and United States Constitution.

We affirm the conviction. The real issue here is whether the Washington County Circuit Court had jurisdiction when it tried Ashworth de novo. If the Elkins Court had no jurisdiction, then neither did the Washington County Circuit Court. *Miles* v. *Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988); *Bynum* v. *Patty*, 207 Ark. 1084, 184 S.W.2d 254 (1944). We have clearly held that the Statute does not violate the Arkansas Constitution, and we do not consider the questions argued here with respect to the United States Constitution because they were not raised in the Circuit Court.

### 1. The record

As his first point, Ashworth contends the Circuit Court should have granted his motion to remand to the Municipal Court to make a record of his constitutional arguments made there, citing *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1980). The point of our decision in the *Horn* case was that the constitutional issue had not been raised in the Circuit Court and would not be reviewed on appeal. We review only the decision of the Circuit Court. *Pshier* v. *State*. 297 Ark. 260, 760 S.W.2d 858 (1988). Here the Circuit Court considered the issue of the validity of the Statute, and Ashworth has in no manner been prejudiced by the lack of a record of his contentions in the Municipal Court.

### 2. Constitutionality

Because Ashworth did not raise the federal constitutional question in Circuit Court, it will not be considered on appeal. Even constitutional issues will not be considered for the first time on appeal. *Chapin* v. *Stuckey*, 286 Ark. 359, 692 S.W.2d 609 (1985); *Taylor* v. *Patterson*, 283 Ark. 11, 670 S.W.2d 444 (1984).

In *State ex rel. Moose* v. *Woodruff*, 120 Ark. 406, 179 S.W. 813 (1915), this Court held there was no express constitutional limitation upon the General Assembly's power to vest jurisdiction in Municipal Courts beyond the geographical limits of the municipalities. Although not by unanimous decisions, this Court has upheld legislative granting of extraterritorial jurisdiction to Municipal Courts against every challenge based on Ark. Const. art. 7. *Griffin* v. *State*, 297 Ark. 208, 760 S.W.2d 852

(1988); *Pshier* v. *State, supra*; *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981).

Affirmed.

CORBIN, J., concurs.