Gina Delayne SEXSON *v.* MUNICIPAL COURT OF SPRINGDALE

92-897                                                 849 S.W.2d 468

Supreme Court of Arkansas
Opinion delivered March 15, 1993

---

[1] REPORTER'S NOTE: Original opinion delivered March 8, 1993.

262

*Jeff Duty*, for appellant.

*Jeff C. Harper*, City Att'y, for appellee.

JACK HOLT, JR., Chief Justice. Gina Delayne Sexson was arrested on July 15, 1990, by a city police officer on charges of driving while intoxicated and disobeying a traffic signal. The incident occurred in the Benton County portion of the Springdale, Arkansas city limits. The City of Springdale is primarily located in Washington County although its municipal boundary extends into a small part of Benton County.

Sexson was found guilty of these charges in the Springdale Municipal Court, situated in Washington County, on November 19, 1990. As a result, Sexson appealed to the Washington County Circuit Court, where Circuit Judge William A. Storey dismissed the appeal for lack of jurisdiction and reinstated the municipal court judgment. Sexson then filed a petition for writ of prohibition in Washington County Circuit Court to prohibit the municipal court from enforcing the judgment. In denying the writ of prohibition, Circuit Judge Kim Smith stated:

Argument is made by the plaintiff that Act 142 of 1989 [Ark. Code Ann. § 16-17-206(b)(2)(Supp. 1991)] is unconstitutional. As you both are well aware, there is a presumption of constitutionality of any act passed by the legislature. The plaintiff's main argument is that the Springdale Municipal Court does not have jurisdiction under the Arkansas Constitution because it violates sections 40 and 43 of Article 7. However, I find nothing in either one of these constitutional provisions which would prohibit the Arkansas Legislature from enacting a law clarifying jurisdiction in our fact situation.

The Act provides for an appeal to the circuit court wherein the offense arose, i.e., Benton County, and if a writ of prohibition was needed against the Springdale Municipal Court I see nothing to prohibit the Washington County Circuit Court from considering the writ of prohibition since the Springdale Municipal Court lies in Washington County.

Therefore, it is my ruling that Act 142 of 1989 is not unconstitutional and that the Writ of Prohibition should be denied.

Generally, a denial of a writ for prohibition is a nonappealable order. *Casoli* v. *State*, 302 Ark. 412, 790 S.W.2d 165 (1990). However, we will treat the appeal from a denial of a writ of prohibition as a petition for a writ of prohibition filed in this court if it involves an important issue to be resolved. *Robinson* v. *Sutterfield*, 302 Ark. 7, 786 S.W.2d 572 (1990); *Lowe* v. *State*, 290 Ark. 403, 720 S.W.2d 293 (1986). As we deem the constitutionality of Ark. Code Ann. § 16-17-206(b)(2)(Supp. 1991) to be such an issue, we accept this appeal as a writ of prohibition directly to us.

This Court will not grant a writ of prohibition unless it is clearly warranted. *Juvenile H.* v. *Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992); *Leach* v. *State*, 303 Ark. 309, 311, 796 S.W.2d 837, 838 (1990). Prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction. *Id.* at 312, 796 S.W.2d at 838 (quoting *Abernathy* v. *Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988)); *City Court* v.

*Tiner*, 292 Ark. 253, 729 S.W.2d 399 (1987).

The question before us, then, is whether Ark. Code Ann. § 16-17-206(b)(2)(Supp. 1991) is unconstitutional. If so, we should issue a writ of prohibition to prevent the Springdale Municipal Court, located in Washington County, from exercising jurisdiction it does not have over an offense committed in Benton County.

The entire code section reads:

16-17-206. Jurisdiction of municipal courts.

(a) Municipal courts and justices of the peace shall not have jurisdiction in civil cases where a lien on land or title or possession thereto is involved.

(b) The jurisdiction of a municipal court shall be coextensive with the county in which it is situated except:

(1) In counties having two (2) judicial districts, the jurisdiction shall be limited to the district in which the court is situated; or

(2) In cities which are primarily located in one county but the city limits extend into an adjacent county, the jurisdiction shall include that portion of the city limits which extends into the adjacent county. Appeals from municipal court decisions in such cities shall be made to the circuit court of the county in which the case arose.

Ark. Code Ann. § 16-17-206 (Supp. 1991).

This section was enacted as Act 142 of 1989 by our General Assembly to counter the effects of our decision in *City of Springdale v. Jones*, 295 Ark. 129, 747 S.W.2d 98 (1988), which addressed an identical fact situation. In that case, Timothy Jones was arrested for DWI in a part of Springdale which is situated in Benton County. Jones was convicted in Springdale Municipal Court and appealed to Washington County Circuit Court. The circuit court found the municipal court had no jurisdiction over the offenses occurring in Benton County, and granted Jones' oral motion for writ of prohibition. In affirming the trial court's granting of the writ we stated:

The question is whether the municipal court of the

City of Springdale has jurisdiction over criminal offenses committed in Benton County. The answer is no. The Arkansas Constitution prevents it.

. . . .

After Jones was convicted, he appealed to the Washingtn County Circuit Court. The judge stated he would consider an oral motion for a writ of prohibition which was made by Jones and granted. The judge concluded the municipal court had no jurisdiction over offenses occurring in Benton County. He was right.

Article 2, § 10 of the Arkansas Constitution provides in part:

In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed;

*City of Springdale* v. *Jones*, 295 Ark. 129, 130, 747 S.W.2d 98, 99 (1988).

In *Jones*, we clearly stated that the Arkansas Constitution prohibits the City of Springdale from having jurisdiction over criminal offenses committed in Benton County. We do not retreat from this position. We have long held that the Legislature can neither enlarge nor diminish the jurisdiction of the courts except as permitted by the Arkansas Constitution and any attempt to do so is unconstitutional. *Pike* v. *Rice*, 297 Ark. 25, 759 S.W.2d 541 (1988); *Nethercutt* v. *Pulaski County Special School Dist.*, 248 Ark. 143, 450 S.W.2d 77 (1970); *Young* v. *Young*, 207 Ark. 36, 178 S.W.2d 994 (1944); *Rector* v. *State*, 6 Ark. 187 (1845).

Under our constitution the jurisdiction of our municipal courts is concurrent with and no greater than jurisdiction of our justice of the peace courts, which we interpret to be countywide as Article 7, § 40 clearly provides that justices of the peace:

shall be conservators of the peace within their *respective counties. . .*

(Emphasis ours.)

Our General Assembly has further stated:

> Justices of the peace in the townships subject to this act shall have original jurisdiction coextensive with the *county*.

Ark. Code Ann. § 16-19-401(a) (1987). Under Article 7, § 43, municipal courts are vested with jurisdiction of justice of the peace courts:

> Article 7, § 43. Corporation courts - Jurisdiction.
>
> Corporation courts for towns and cities may be invested with jurisdiction *concurrent with justices of the peace in civil and criminal matters*, and the General Assembly may invest such of them as it may deem expedient with jurisdiction of any criminal offenses not punishable by death or imprisonment in the penitentiary, with or without indictment, as may be provided by law, and, until the General Assembly shall otherwise provide, they shall have the jurisdiction now provided by law.

(Emphasis ours.) *See Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981)(upholding the countywide concurrent jurisdiction of justices of the peace and municipal courts).

■■ Reading these provisions together, it is obvious that the jurisdiction of a municipal court is confined to the county in which it is situated. For these reasons, Ark. Code Ann. § 16-17-206(b)(2)(Supp. 1991), which provides in part that the jurisdiction of municipal courts shall be enlarged to include portions of the city limits that extend into other counties, is unconstitutional. Accordingly, we issue a writ of prohibition to prevent the Springdale Municipal Court from exercising jurisdiction over a criminal offense committed in Benton County.

The writ of prohibition is granted.

HAYS and CORBIN, JJ., dissent.

STEELE HAYS, Justice, dissenting. I respectfully disagree that this appeal should be treated as an original action for a writ of prohibition, or that the issuance of a writ is clearly warranted. The majority declares that the order of the Washington Circuit

court denying prohibition is not appealable, citing *Casoli* v. *State*, 302 Ark. 412, 790 S.W.2d 165 (1990). But the reason for the dismissal of the appeal in *Casoli* was the lack of a final order. The judgment here is final and there is no reason to fictionalize this case from an appeal to an original action in prohibition.

Turning to the substantive issue, why the majority continues to cite *City of Springdale* v. *Jones*, 295 Ark. 129, 747 S.W.2d 98 (1988) is puzzling, as the only avenue of appeal open to *Jones* was to the Circuit Court of Washington County, which had no jurisdiction for offenses occurring in Benton County under the law as it *then existed. Collins* v. *Woodruff,* 9 Ark. 463 (1849). But after the *Jones* case was decided the legislature enacted Act 142 of 1989 [Ark. Code Ann. § 16-17-206(b)(2) (Supp. 1991)] which enlarged the jurisdiction of municipal courts with boundaries that overlap county lines.

Thus, the question presented is whether anything in the Constitution of Arkansas limits the power of the legislature to extend the territorial jurisdiction of a municipal court into an adjoining county. The trial court held there is not and that holding was, I believe, entirely correct.

Appellant cites Ark. Const. art. 2 § 10 and art. 7 §§ 40 and 43. Section 43 deals with the jurisdiction of corporation courts and provides that they shall have jurisdiction concurrent with justices of the peace as determined by the General Assembly. Section 40 deals with justices of the peace and fixes their jurisdiction as to amounts, process, and subject matter, with jurisdiction over misdemeanors "as is now, or may be, prescribed by law." The power of the legislature to govern the territorial boundaries of municipal courts and justices of the peace under the Constitution has been noted by several decisions: *City of Pea Ridge* v. *Tiner*, 292 Ark. 253, 729 S.W.2d 399 (1987), ("Art. 7, § 43 gives the General Assembly authority to set jurisdiction of corporation courts,") and *Peel* v. *Kelley*, 268 Ark. 90, 594 S.W.2d 11 (1980) (the jurisdiction of municipal courts need not be coextensive with the jurisdiction of justices of the peace, it "may be coextensive with whatever jurisdiction could be vested in justices of the peace.")

Beyond citing cases with little bearing on the issue, the majority limits its scrutiny of the Constitution to that brief

segment of art. 7, § 40 which provides that justices of the peace "shall be conservators of the peace within their respective counties. . . ." That proviso, lifted out of context, is only one of six provisions in § 40 defining the jurisdiction of justices of the peace in terms of amounts, process and subject matter. The term "conservator of the peace" is a term of art and not just a generality. It means the judicial officer is authorized to make arrests for a breach of the peace. *See Hardison* v. *State*, 166 Ark. 33, 265 S.W.2d 84 (1924). In other words, in addition to the other aspects of jurisdiction listed in § 40, the office of justice of the peace has the power to make arrests. The intent of that provision, read in context, is not to restrict all authority to the territorial limits of the county, because another, more specific, provision in § 40 declares that justices of the peace shall have jurisdiction of "misdemeanors *as is now or may be prescribed by law*." (My emphasis.) Thus, the phrase "conservators of the peace within their respective counties" is not used to modify the legislature's authority to set the territorial boundaries of justices of the peace, but simply to describe the general duties of that office. The provision touches on the powers of the office and now its territorial limits under law. We so noted in *Moose* v. *Woodruff*, 120 Ark. 406, 179 S.W.813 (1915):

> No limitation is found in the Constitution upon the power of the legislature to vest jurisdiction in municipal courts, when established beyond the geographical limits of the municipalities.

Starting with *Moose* v. *Woodruff, supra*, this court has consistently *upheld* the legislature's authority to extend geographical boundaries of municipal courts. Recently, in *Ashworth* v. *State*, 306 Ark. 570, 816 S.W.2d 597 (1991), we wrote:

> In *State* v. *ex rel. Moose* v. *Woodruff*, 120 Ark. 406, 179 S.W. 813 (1915), this Court held there was no express constitutional limitation upon the General Assembly's power to vest jurisdiction in Municipal Courts beyond the geographical limits of the municipalities. Although not by unanimous decision, this Court has upheld legislative granting of extraterritorial jurisdiction to Municipal Courts against every challenge based on Ark. Const. art. 7. *Griffin* v. *State*, 297 Ark. 208, 760 S.W.2d 852 (1988);

*Pshier* v. *State, supra; Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981).

Of course, we are now confronted for the first time with whether the legislature has the power to extend the jurisdiction of a municipal court beyond the boundaries of the county in which it primarily lies. I find nothing in the Constitution inconsistent with that power and, that being so, we are duty bound to uphold the constitutionality of the act if it is possible to do so. *Clinton* v. *Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991).

Act 142 takes nothing away from either Benton County or its residents. As to residents, Act 142 is explicit in preserving the right of Benton County residents to appeal from the Springdale Municipal Court to the Circuit Court of *Benton County*, thereby curing the constitutional flaw which governed the outcome in *City of Springdale* v. *Jones, supra*. Appellant could have appealed to the Circuit Court of Benton County, pursuant to Ark. Const. art. 2, § 10, because the offense occurred in Benton County.

As to Benton County, Act 142 is not invasive of Benton County, it merely grants concurrent jurisdiction to the Springdale Municipal Court over that small segment of Benton County which lies within its boundaries. Benton County still has jurisdiction in the fullest sense over that part of its territory lying in Springdale. Perhaps when the Constitution was written county borders had primacy over city borders, but time has tended to blur that. Some analogy can be found in *State* v. *Martin*, 60 Ark. 343, 30 S.W. 421 (1895); where we discussed what constitutional limitations existed on the number of judges allowed for any given circuit. We found support under general rules of construction for the fact that the framers had left the number open, stating:

> This fact, when we consider that constitutions are framed for ages to come, affords the most plausible argument that the framers of our Constitution purposely omitted limiting the number of circuit judges, in anticipation of any emergencies in the speedy administration of justice occasioned by the increase of population and the accumulation of litigation. . . . But if on the contrary, it could be said that the convention had no consideration for the future, and only intended to provide for existing conditions, and that one judge for a circuit was deemed

sufficient to meet the requirements of justice at that time, *then the conclusion is irresistible that they did not intend to prohibit what they did not contemplate would ever be demanded.* [My emphasis.]

The majority opinion declares that "we have long held that the Legislature can neither enlarge nor diminish the jurisdiction of the courts except as permitted by the Arkansas Constitution, and any attempt to do so is unconstitutional," citing [*Pike* v. *Rice*, 297 Ark. 25, 759 S.W.2d 541 (1988); *Nethercutt* v. *Pulaski County Special School Dist.*, 248 Ark. 143, 450 S.W.2d 77 (1970); *Young* v. *Young*, 207 Ark. 36, 178 S.W.2d 994 (1944), and *Rector* v. *State*, 6 Ark. 187 (1845)]. The first three of those decisions deal with subject matter jurisdiction of equity courts and have nothing to do with the territorial boundaries of municipal courts or justices of the peace. They are not relevant to the question before us. The *Rector* case indirectly involves corporation courts, but under a statute long since repealed which fixed the limits of the Little Rock Municipal Court to the corporate limits of the city as they then existed. It, too, has no application to this case.

Today the majority makes an important precedent and one, I respectfully suggest, that is not mandated by any provision of our Constitution. A more judicious disposition of this case I believe would be to deny a writ of prohibition and either dismiss the appeal for failure to comply with Act 274 of 1953 [Ark. Code Ann. § 16-11-106(b) (1987)], or remand to the trial court for compliance with Act 274, which reads:

> *In any proceeding* which involves the validity of a municipal ordinance or franchise, the municipality shall be made a party and shall be entitled to be heard, *and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.* [My emphasis.]

The purpose of the notice requirement is to prevent an ordinance from being declared unconstitutional in a proceeding which might not be a fully adversary and complete adjudication, and noncompliance with the notice requirement is generally reversible error. *City of Little Rock* v. *Cash*, 277 Ark. 494, 644

S.W.2d 229 (1982). In *Reagan* v. *City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991), we refused to address a constitutional challenge where the Attorney General had not been notified. It seems particularly inappropriate to order the issuance of a writ of prohibition, an extraordinary and prerogative writ, to declare a statute unconstitutional when the state has not been afforded the opportunity to defend it.

This court is bound by the most solemn duty to uphold the enactments of the General Assembly except where their prohibition under the Constitution is clear and compelling. The unfortunate anomaly existing by reason of today's decision is that Springdale is now powerless to punish offenders, including drunk drivers, who commit offenses in that part of its boundaries lying in Benton County.

CORBIN, J., joins in this dissent.