The Honorable Brent Davis Prosecuting Attorney Second Judicial District P.O. Box 491 Jonesboro, Arkansas 72403
Dear Mr. Davis:
This is in response to a request by Deputy Prosecuting Attorney James C. Hale, Jr., for an opinion concerning the jurisdiction of a municipal court. Mr. Hale's letter states that there is one municipal court located in Crittenden County, the West Memphis Municipal Court, and four city or police courts located within the county. The letter indicates that the Arkansas State Police historically have had the option to place traffic cases in the West Memphis Municipal Court regardless of the location of the arrest or traffic stop. Specifically, Mr. Hale indicates that the State Police have had the option to place a defendant in the West Memphis Municipal Court even if the traffic stop or arrest was made within the city limits of a community that has a police or city court. The question presented in light of the foregoing situation is paraphrased as follows:
 Whether the State Police have the legal authority to place a traffic case in the West Memphis Municipal Court even if the traffic stop or arrest was made within the city limits of a community that has a police or city court.
In my opinion, if the individual is charged with a state misdemeanor violation committed within the county, then the answer to the question is "yes."
Initially, it is my understanding that Mr. Hale is concerned with state misdemeanor violations committed within a town or city rather than with violations of the bylaws or ordinances of a town or city. City and police courts have exclusive jurisdiction of all prosecutions and actions for infractions of the bylaws or ordinances of the city or town in which they are located. Where misdemeanor violations of state law are committed within the town or city, however, city and police courts have concurrentjurisdiction with the circuit and justice of the peace courts. A.C.A. §16-88-101 (1987); see also Skelton v. City of Atkins, 317 Ark. 28,875 S.W.2d 504 (1994); Ops. Att'y Gen. 93-010 and 91-267; A.C.A. §§16-88-105, 16-18-112 (city or mayor's court), 16-96-111 (police courts).[1]
Under the Arkansas Constitution, the Legislature is authorized to invest municipal courts with jurisdiction concurrent with justices of the peace in civil as well as criminal matters. Ark. Const. art. 7, § 43; Lee v.Watts, 243 Ark. 957, 423 S.W.2d 557 (1968). Arkansas Code Annotated §16-17-704(a) (Supp. 1997) provides in part that the municipal court has original jurisdiction, coextensive with the county wherein the court is situated, over state misdemeanor violations committed within the county.See also A.C.A. § 16-17-206(b) (Supp. 1997). Thus, as a matter of state statute, municipal courts have county-wide territorial jurisdiction over misdemeanors committed within the county.
The Arkansas Supreme Court has repeatedly upheld the General Assembly's granting of county-wide territorial jurisdiction over misdemeanors to municipal courts. See State v. Webb, 323 Ark. 80, 913 S.W.2d 259 (1996);Ashworth v. State, 306 Ark. 570, 816 S.W.2d 597 (1991); State ex rel.Moose v. Woodruff, 120 Ark. 406, 179 S.W. 813 (1915). In State v. Webb,supra, the court stated:
 Whether the issue be referred to as one of venue or territorial jurisdiction, nothing in our Constitution or Code dealing directly with the place in which misdemeanor charges must be tried limits it to the city in which the court sits. The territorial jurisdiction of municipal courts extends throughout the counties in which they sit.
In my opinion, the fact that a state misdemeanor violation occurs in a city that has a police or city court does not alter the conclusion that the territorial jurisdiction of municipal courts extends throughout the counties in which they sit. See generally Ashworth, supra. Further, it is my opinion that if a court has jurisdiction, then the charges may be filed in that court regardless of whether it might also be possible to file the charges in some other court. More specifically, where both a city (or police) court and a municipal court have jurisdiction, nothing in Arkansas law requires a charge to be filed in the city court merely because the offense occurred within the city where that court is located. Accordingly, a person committing a state misdemeanor violation may properly be charged either in the police or city court of the city where the offense occurred or in municipal court.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] City courts were formerly referred to as "mayor's courts." Seegenerally A.C.A. § 14-44-108 (Supp. 1997) (mayor and city court in second-class cities); A.C.A. § 14-45-106 (Supp. 1997) (mayor and city court in incorporated towns); A.C.A. § 16-18-111 (Supp. 1997) (city court in first-class cities).
[2] It should be noted that the circuit court also has concurrent jurisdiction over state misdemeanor violations committed within the county. A.C.A. § 16-17-704.