The Honorable Eric Harris State Representative P.O. Box 796 Lowell, AR 72745-0796
Dear Representative Harris:
I am writing in response to your request for an opinion on the following questions concerning Act 1032 of 2003:
 1. Is Act 1032 of 2003 constitutional when applied to municipalities situated in two (2) different counties?
 2. Can the City of Springdale (a portion of which is situated in Benton County) comply with Act 1032 of 2003 and not run afoul of the Arkansas Supreme Court's decision in Sexson v. Municipal Court of Springdale, 312 Ark. 261, 849 S.W.2d 486 (1993)?
 3. If the answer to Question #2 is `yes,' then how can this be accomplished?
RESPONSE
It is my opinion in response to your first two questions that the Arkansas Constitution is not implicated by Act 1032 of 2003 because this act was not intended to address municipalities that are situated in two different counties. In my opinion, Act 1032 addresses venue only and does not affect the Springdale District Court's territorial jurisdiction, which was at issue in Sexson. Under the separate statute governing territorial jurisdiction, the Springdale District Court currently has no jurisdiction over traffic citations issued within the Benton County portion of the city. The Rogers District Court has jurisdiction of those offenses. A response to your third question is unnecessary in light of these conclusions.
Act 1032 of 2003 is now codified at A.C.A. § 16-88-116 (Supp. 2003). The statute provides:
 (a) All traffic citations issued within the boundaries of a municipality of this state which has a district or city court shall be placed on the docket of the district or city court of that municipality, unless the presiding judge of that court authorizes a transfer to another court exercising jurisdiction over the area in which the citation was issued.
 (b) If a municipality has more than one (1) court exercising subject matter jurisdiction over traffic citations issued within the boundaries of that municipality, then all traffic citations issued within the boundaries of that municipality shall be placed on the docket of the municipality's district or city court in the closest proximity to where the offense occurred.
The City of Springdale has a district court. See A.C.A. § 16-17-108
(uuuu) (Supp. 2003) (regarding the salary of the Springdale District Court Judge). It has therefore been suggested that A.C.A. § 16-88-116 (a) requires that all traffic citations issued in the City of Springdale must be docketed in the Springdale District Court.[1] Letter from Jeff C. Harper, City Attorney, to State Representative Eric Harris (September 10, 2003). As also noted in the correspondence attached to your request, however, a portion of the City of Springdale lies in Benton County.[2]
The city attorney reports in this regard that currently, all traffic citations written in the Benton County portion of Springdale are docketed in the Rogers District Court due to the Arkansas Supreme Court's ruling in Sexson, supra.[3]
The question thus arises whether A.C.A. § 16-88-116 applies so as to require that all traffic citations issued within the boundaries of Springdale must be placed on the Springdale District Court's docket, including those citations issued in Benton County, and whether this would run afoul of Sexson.
While Section 16-88-116 might at first glance appear to require that the Springdale District Court must hear all traffic cases arising in Springdale, including those arising in the Benton County portion of the city, it is my opinion that the statute does not apply in this manner because it is dealing with the issue of venue, i.e., the place where a trial may be had, as distinguished from territorial jurisdiction. Seegenerally State v. Webb, 323 Ark. 80, 913 S.W.2d 259 (1996) (noting the general distinction between the issues of proper venue and territorial jurisdiction) and Griffin v. State, 297 Ark. 208, 210, 760 S.W.2d 852
(1988) (Glaze, concurring, noting that "venue is distinguishable from criminal jurisdiction, which refers to the judicial power to hear and determine a criminal prosecution, in that it commonly pertains to geographical subdivisions, relates to practice and procedure and may be waived.") It is therefore my opinion that the constitution is not implicated by A.C.A. § 16-88-116. This conclusion follows, in my opinion, from a reading of the statute together with other legislation governing the jurisdiction of district courts, applying well-established rules of statutory construction.
The plain language initially suggests that the statute is addressing venue, wherein it directs that citations issued within a municipality "shall be placed on the docket of the district or city court of that municipality[.]" A.C.A. § 16-88-116 (a), supra. The ensuing language regarding transfer to another court, which plainly presumes that the district or city court has territorial jurisdiction over the matter, reinforces this suggestion. It is of course a basic rule of statutory construction that absent some ambiguity, the plain language will control. See e.g., Mountain Home School District No. 9 v. T.M.J.Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993).
General rules of construction also require that different statutes relating to the same subject must be interpreted, if possible, so as to give effect to all provisions. HMO Arkansas v. Dunn, 310 Ark. 762,840 S.W.2d 804 (1992). A statute must therefore be placed beside other statutes relevant to the subject and given a meaning derived from the combined whole. Boone County Board of Education v. Taylor, 185 Ark. 869,50 S.W.2d 241 (1932). Additionally, amendments by implication are not favored. Cummings v. Washington County Election Com'n, 291 Ark. 354,724 S.W.2d 486 (1987). Statutes on the same general subject matter must instead be reconciled and construed together, if possible. Sargent v.Cole, 269 Ark. 121, 598 S.W.2d 749 (1980).
Application of these precepts further compels the conclusion that A.C.A. § 16-88-116 should not be construed to address a district court's territorial jurisdiction. According to A.C.A. § 16-17-206 (b) (Supp. 2003), the jurisdiction of a district court is "coextensive with the county in which it is situated. . . ." See also A.C.A. § 16-88-104 (a) (4) (Supp. 2003) (effective until January 1, 2005 and providing, interalia, that a district court shall have jurisdiction of state law misdemeanor offenses "committed within the county in which the district court is located.")[4] Reading A.C.A. § 16-88-116 together with these provisions and recognizing that amendments are not favored in construing statutes leads me to conclude that § 16-88-116 does not purport to affect territorial jurisdiction. Rather, it addresses what some Arkansas Supreme Court justices have viewed as a venue question (see Griffin v. State,supra (Glaze, concurring)) by providing that traffic offenses must be filed in a district court located within a prescribed geographical boundary, i.e., a municipality.
In conclusion therefore, Springdale District Court currently exercises territorial jurisdiction throughout Washington County, in accordance with A.C.A. §§ 16-17 206 (b) (Supp. 2003) and 16-88-104 (a) (4) (Supp. 2003) (effective until January 1, 2005).[5] In my opinion, this jurisdiction is unaffected by A.C.A. § 16-88-116. This venue statute simply does not apply to extend the District Court's jurisdiction into the Benton County portion of the City of Springdale. Sexson v. Municipal Court ofSpringdale is inapplicable, in my opinion, following the repeal of the statutory provision at issue in that case (former A.C.A. § 16-17-206 (b) (2); see Act 142 of 1989, supra at n. 3). See Acts 1995, No. 1296, § 60 (amending A.C.A. § 16-17-206 to remove subsection (b) (2) followingSexson).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Subsection (b) of A.C.A. § 16-88-116, which operates as an exception to subsection (a) in municipalities with more than one district court (see, e.g., Op. Att'y Gen. 2003-281) is inapplicable in this instance.
[2] The City of Springdale is located primarily in Washington County, but its boundaries extend into Benton County.
[3] The Court in Sexson issued a writ of prohibition to prevent trial by the former Springdale Municipal Court of an offense alleged to have occurred in the Benton County portion of Springdale, ruling unconstitutional an act that purported to enlarge the jurisdiction of municipal courts to include portions of the city limits that extend into other counties. Act 142 of 1989 provided that "[t]he jurisdiction of a municipal court shall be coextensive with the county in which it is situated except . . . in cities which are primarily located in one county but the city extends into an adjacent county, the jurisdiction shall include that portion of the city limits which extend into the adjacent county." Acts 1989, No. 142, § 1. This act clearly was intended to address the Springdale Municipal Court, and was in response to City ofSpringdale v. Jones, 295 Ark. 129, 747 S.W.2d 98 (1988), in which the Arkansas Supreme Court held that "the Springdale Municipal Court, located in Washington County[,]" had no jurisdiction over offenses occurring in Benton County.
[4] These provisions apply until January 1, 2005, when the territorial jurisdiction of district courts will be coextensive with the area from which the judges are elected. See A.C.A. § 16-17-901 et seq. (Supp. 2003) (establishing the boundaries of the new judicial districts) and A.C.A. §16-88-101 (a) (4) (Supp. 2003) (effective January 1, 2005, providing that a district court shall have jurisdiction of state law misdemeanor offenses "committed within the territorial jurisdiction of the district court."). See also Op. Att'y Gen. Nos. 2003-240 and 2003-159 at n. 1.
[5] Its territorial jurisdiction will be governed by A.C.A. §16-17-919, effective January 1, 2005. See n. 4, supra.