The Honorable Jon Woods State Representative Post Office Box 8082 Springdale, Arkansas 72766-8082
Dear Representative Woods:
I am writing in response to your request for an opinion on the following question:
 Does the Springdale, Arkansas District Court have jurisdiction to hear misdemeanors and violations which occur within the City of Springdale, Benton County, Arkansas?
You note in this regard that the City of Springdale is located both in Washington and Benton Counties, but the Springdale District Court is physically situated in Washington County. You further note that this has caused issues in the past, citing Sexson v. Municipal Court ofSpringdale, 312 Ark. 261, 849 S.W.2d 486 (1993) and Springdale v. Jones,295 Ark. 129, 747 S.W.2d 98 (1988). You state that A.C.A. § 16-17-919
"doesn't appear to definitively settle the question of jurisdiction." You ask me to "opine whether or not the Court has jurisdiction to hear violations committed in the Benton County part of Springdale?"
RESPONSE
In my opinion, the answer to this question is "yes." The Springdale District Court in my opinion has jurisdiction pursuant to A.C.A. § 16-17-919 (Supp. 2007) to hear misdemeanors and violations committed in the Benton County portion of the City of Springdale. *Page 2 
Section 16-17-919 in relevant part establishes the "district court boundaries" of the Springdale District Court as follows:
 (i) The city limits of Springdale as now or in the future constituted;
 (ii) The township of Elm Springs;
 (iii) The township of Tontitown;
 (iv) The township of Harmon; and
 (v) That portion of the township of Johnson that lies outside the city limits of Fayetteville.
A.C.A. § 16-17-919(a)(2)(A) (Supp. 2007) (effective until January 1, 2012) (emphasis added).[1]
Section 16-17-919 was enacted under Act 1727 of 2003, which according to its title is "An Act to Establish Judicial Districts and the Number of Judges for District Courts." The authority for this act is found in Amendment 80 to the Arkansas Constitution, which in pertinent part established district courts as the successors of municipal courts. Ark. Const. amend. 80, §§ 7(A) and 19(B)(2) and (C). Amendment 80 provides specifically as follows under Section 10:
 The General Assembly shall have the power to establish jurisdiction of all courts and venue of all actions therein, unless otherwise provided in this Constitution, and the power to establish judicial
circuits and districts and the number of judges for Circuit Courts and District Courts, provided such
circuits or districts are comprised of contiguous territories.
Ark. Const. amend. 80, § 10 (emphasis added).
Amendment 80 further provides that "[a] District Judge may serve in one or more counties." Id. at § 7(D). Viewed together, Sections 10 and 7(D) of Amendment 80 appear to authorize the creation of a judicial district such as this one involving the Springdale District Court, which extends into Benton County. Cf. Op. Att'y Gen. 2006-076 (regarding the combination of counties into a District Court judicial district). Indeed, one legal commentator has observed that Section 10's *Page 3 
"contiguous territories" language, together with Section 7(D), addresses the issues in Jones and Sexson, supra. Fleming, Amendment 80's DistrictCourt — Let's Make it ``Cricket' This Time (Winter 2002) at 29, n. 32. The court in Sexson noted its previous ruling in Jones "that the Arkansas Constitution prohibits the City of Springdale from having jurisdiction over criminal offenses committed in Benton County."312 Ark. at 265. This is no longer the case, following the adoption of Amendment 80. In sum, it seems clear that Amendment 80 does not confine a district court's jurisdiction to the county in which it is situated.
Section 16-17-919 is further consistent with Amendment 80 in requiring that "[t]he judge of any district court in Washington County shall be elected by the qualified electors within the district in which the court is located." A.C.A. § 16-17-919(b) (Supp. 2007). Amendment 80 states in relevant part under Section 17 that ". . .District Judges shall be elected on a nonpartisan basis by a majority of qualified electors voting for such office within the . . . district which they serve." Ark. Const. amend. 80, § 17(A).
With regard more specifically to the question of jurisdiction, section16-17-919 states that "[t]he jurisdiction of any district court in Washington County shall be limited to the district in which the court is located." A.C.A. § 16-17-919(c) (Supp. 2007). The so-called "local" or "territorial" jurisdiction of the Springdale District Court is therefore defined by the district boundaries established under section 16-17-919.[2] Cf. Op. Att'y Gen. 2003-286 (noting that the Springdale District Court exercised countywide jurisdiction prior to January 1, 2005, at which time its jurisdiction would be governed by A.C.A. §§ 16-17-919 and16-88-101.)[3] *Page 4 
As you have noted, a portion of the City of Springdale extends into Benton County. Accordingly, because the Springdale District Court's boundaries include "the city limits of Springdale" pursuant to §16-17-919(a)(2)(A)(i) (as emphasized above), I believe it is clear that the Court has jurisdiction to hear misdemeanors and violations committed in the Benton County portion of the City of Springdale. See also A.C.A. § 16-88-101(a)(4), at n. 3, supra.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The version of A.C.A. § 16-17-919 that will be effective on January 1, 2012, makes no changes to subsection (a)(2)(A).
[2] As noted by the Arkansas Supreme Court, "[l]ocal jurisdiction, or territorial jurisdiction, deals with where an offense is to be tried, and not with whether the state lacks the basic authority to apply its law to the events in question." Parmley v. Norris, No. 07-813 (Ark. 2008) citing State v. Osborn, 345 Ark. 196, 45 S.W.3d 373 (2001).
[3] Subsection 16-88-101 currently provides as follows regarding the jurisdiction of district courts:
 The district court shall have original jurisdiction, exclusive of the circuit court, for the trial of violations of ordinances of the city or county in which the district court is located and shall have original jurisdiction concurrent with the circuit court for the trial of offenses defined as misdemeanors by state law and committed within the territorial jurisdiction of the district court.
A.C.A. § 16-88-101(a)(4) (Repl. 2005). This subsection was recently amended by Act 398 of 2009 (containing no emergency clause) to provide as follows:
 The district court shall have original jurisdiction, exclusive of the circuit court, for the trial of violations of ordinances of any town, city, or county within the territorial jurisdiction of the district court and shall have original jurisdiction concurrent with the circuit court for the trial of offenses defined as misdemeanors by state law and committed within the territorial jurisdiction of the district court.

 *Page 1