BRESHEARS, EXCR. *v.* WILLIAMS, JUDGE.

5-369                                                  265 S. W. 2d 956

Opinion delivered March 22, 1954.

*L. A. Hardin* and *Carl Langston,* for petitioner.

*Mehaffy, Smith & Williams, Shaver, Tackett.& Jones, House, Moses.& Holmes* and *E. B. Dillon, Jr.,* for respondent.

J. SEABORN HOLT, J.   Petitioners, in an original proceeding here, ask for Writ of Prohibition to prohibit the Pulaski Probate Court from proceeding further in connection with an Order made November 9, 1953, appointing a Special Administrator in the matter of the Estate of Merwin I. Moore, who died testate August 5, 1953.

Under the provisions of the purported will, J. A. Breshears was named executor, and also trustee of the entire estate.   On August 10, 1953, the alleged will was admitted to probate and Breshears was duly appointed executor and trustee.   The above instrument was probated in common form, without notice, and was attacked by certain heirs at law of the decedent September 3, 1953, and petitions were filed asking for the removal of Breshears as executor on the grounds that he had failed and refused to include in his inventory of the property

belonging to the estate a bank deposit of $12,000 in a local bank and a number of pieces of improved real estate of the approximate value of $60,000, all of which property he claimed as his own, and that the contest and petitions are now pending in the Pulaski Probate Court.

Pending hearing and action of the Probate Court on the above contest and petitions, certain heirs at law of the decedent on November 9, 1953, filed petition for the appointment of a Special Administrator, under authority of § 62-2210, Ark. Stats., 1947, which provides:

"SPECIAL ADMINISTRATORS—For good cause shown a special administrator may be appointed pending the appointment of an executor or a general administrator or after the appointment of an executor or general administrator. A special administrator may be appointed without notice or upon such notice as the court may direct. The appointment may be for a specified time, to perform duties respecting specific property, or to perform particular acts, as stated in the order of appointment. The special administrator shall make such reports as the court shall direct, and shall account to the court upon the termination of his authority. Otherwise, and except where the provisions of this Code by their terms apply only to general personal representatives, and except as ordered by the court, the law and procedure relating to personal representatives shall apply to special administrators. The order appointing a special administrator shall not be appealable. (Acts 1949, No. 140, § 79, p. 304)."

No request for Breshears' immediate removal as administrator was made. The Probate Court on November 9, 1953, granted this petition of the heirs, and appointed Phillip Carroll, a local attorney, as such special administrator. The court's Order contains the following recitals: "Phillip Carroll, . . . is appointed special administrator of the Estate of Merwin I. Moore, deceased, for the purpose of filing and prosecuting such actions, petitions, suits or causes against James A. Breshears, Ruby Breshears, Frank Ballard, Susie Ballard, Buell Slaughter and Mattie Slaughter, in such form and manner as he may

deem necessary or proper for the protection and benefit of said estate, and those persons interested therein to recover possession, custody and title to the real estate described in certain instruments filed in Pulaski County . . . ., and in Sebastian County, . . . and to collect rents and to require an accounting for rents already collected.

"The said Phillip Carroll is further appointed for the purpose of filing and prosecuting such suits, actions, petitions or causes against James A. Breshears as he may deem necessary and proper to recover custody, possession, control and title to the funds in that certain checking account in Union National Bank of Little Rock which belonged to the decedent, Merwin I. Moore, prior to his death for the benefit of said estate.

"Said Phillip Carroll shall have all such powers to act for the purposes herein set forth as may be necessary or convenient to carry out this order and he shall serve until such time as he has completed his duties or is removed by further order of this court."

Petitioners contend here that "the (above) Order of the Probate Court was in excess of its jurisdiction and prohibition should issue."

It appears that the sole issue is whether the Pulaski Probate Court, in the circumstances, had jurisdiction to appoint a special administrator. We hold that it had jurisdiction and that such jurisdiction is exclusive and original, *Gocio* v. *Seamster, Judge,* 203 Ark. 937, 160 S. W. 2d 194.

The Pulaski Probate Court has not as yet passed upon the merits of the claims of either the petitioners or the estate. Since the Probate Court had jurisdiction, its Order appointing a special administrator was not, in the circumstances, appealable. "There shall be no appeal . . . from an order appointing a special administrator," § 62-2016, b., Ark. Stats., 1947. Section 62-2210, Ark. Stats., 1947, also provides: "The order appointing a special administrator shall not be appealable."

The scope of the Writ of Prohibition has been announced in numerous cases by this court. Such Writ comes into use only when the lower court is without jurisdiction.

"The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. (Citing Cases). . . the writ of prohibition is an appropriate remedy to restrain the exercise of jurisdiction by an inferior court over a subject-matter when it has none and over parties where it can acquire none.

"Where the court has jurisdiction over the subject-matter, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy," *Order of Railway Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. 2d 448. See also, *Pacific Mutual Life Insurance Company* v. *Toler,* 187 Ark. 1073, 63 S. W. 2d 839; and *Gordon* v. *Smith, Chancellor,* 196 Ark. 926, 120 S. W. 2d 325.

Accordingly, since it appears that the Pulaski Probate Court had jurisdiction of the subject-matter and the parties, the Writ of Prohibition must be and is denied.