Barney NORTON *v.* STATE of Arkansas

CR 81-16                                                  618 S.W. 2d 164

Supreme Court of Arkansas
Opinion delivered July 6, 1981
[Rehearing denied July 20, 1981.]

*C. Mac Norton*, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The Lincoln Circuit Court denied appellant's motion for release based upon his contention that he had been denied a speedy trial. Appellant has brought this interlocutory appeal from denial of his motion to dismiss. We will treat the appeal as a Petition for Writ of Prohibition. Appellant urges he is entitled to a dismissal of

the charges with prejudice as required by Rules of the Criminal Procedure, Rules 27 through 30. He further argues the rules are unconstitutional in that they have denied him a speedy trial and due process and equal protection of the law based upon *Barker* v. *Wingo*, 407 U.S. 514 (1972).

For convenience and understanding of what has happened the events of major importance will be listed in chronological order.

| | |
|---|---|
| *September 11, 1978* | *Term of court commences in Lincoln County.* |
| January 1, 1979 | Appellant and five other inmates escaped and appellant was recaptured. |
| January 29, 1979 | Information filed in Lincoln Circuit Court. |
| *February 12, 1979* | *New term of court commences.* |
| August 13, 1979 | Court appointed counsel for appellant. |
| August 20, 1979 | Court set trial for November 14, 1979. |
| *September 10, 1979* | *New term of court commences.* |
| October 11, 29, 30, 1979 | Motions filed by appellant. |
| November 8, 1979 | Court directs appellants to request continuance (continuance order never filed or marked on docket). |
| November 14, 1979 | Trial date — trial not held. |
| February 1980 | Attorney for codefendant re- |

quests release to become prosecutor.

| | |
|---|---|
| *February 11, 1980* | *New term of court commences.* |
| February 26, 1980 | Appellant transferred to federal pen in Oklahoma; Arkansas prison personnel destroy appellant's records. |
| February 28, 1980 | Court trial set for April 8, 1980. |
| March 1, 1980 | Codefendant's attorney starts work as prosecutor. |
| March 18, 1980 | Appellant's attorney notified omnibus hearing for April 1, 1980. |
| March 20, 1980 | Appellant's attorney confirms hearing and requested presence of appellant. |
| April 1, 1980 | No omnibus hearing held. |
| April 8, 1980 | No trial held, no reason given. |
| May 4, 1980 | Trial set for August 20, 1980 |
| May 20, 1980 | Appellant's attorney notified court his client was in federal prison in Illinois and that omnibus hearing should be held before trial. |
| June 10, 1980 | Appellant's attorney again requests omnibus hearing. |
| July 14, 1980 | Apellant's attorney again requests omnibus hearing. |

| | |
|---|---|
| July 31, 1980 | Appellant returned to Arkansas. |
| August 1, 1980 | Counsel allowed to visit appellant. |
| August 7, 1980 | Appellant informed omnibus hearing set for August 14, 1980. |
| August 14, 1980 | Omnibus hearing held, speedy trial issue raised, motions to recuse prosecutor, other motions discussed; all denied except for recusal motion, which was taken under advisement. |
| August 15, 1980 | Court informs prosecutor to be recused. |
| August 18, 1980 | Order of recusal and appointing special prosecutor. |
| August 20, 1980 | Appellant not tried but two codefendants were. |
| August 25, 1980 | Appellant renews all motions, requests another hearing; order of continuance filed by court, and severing Divanovich and Norton from the other codefendants. |
| *September 8, 1980* | *New term of court commences.* |
| September 15, 1980 | Hearing on motions — all denied; September 22 cut-off date for motions, trial set for October 8-9, 1980. |
| September 23, 1980 | Motion to dismiss for lack of speedy trial and other motions. |

September 30, 1980          Motions of September 23 all denied.

October 6, 1980            Notice of interlocutory appeal by appellant.

The Rules of Criminal Procedure govern speedy trials. Rule 28.1 (a) provides:

Any defendant charged with an offense in circuit court and committed to a jail or prison in this state shall be brought to trial before the end of the second full term of the court, but not to exceed nine (9) months, from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Our cases have held that the two terms or nine months really mean that an accused is merely entitled to release from confinement, pursuant to Rule 30.1, after two terms of court, or nine months, and instead would be bound by the three terms set out in Rule 28.1 (b). *Wade* v. *State*, 264 Ark. 320, 571 S.W. 2d 231 (1978); *Matthews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980); *Bell* v. *State*, 270 Ark. 1, 603 S.W. 2d 397 (1980); *Cash* v. *State*, 271 Ark. 881, 611 S.W. 2d 510 (1981).

It is obvious from looking at the above events that more than three terms of court, excluding the term of the arrest, have expired since the appellant was charged. The precise issue for consideration by this court is whether there were any excludable periods of delay which should extend the time within which to bring appellant to trial. The burden is upon the state to show that a period of time should be excluded. *Randall* v. *State*, 249 Ark. 258, 458 S.W. 2d 743 (1970); *State* v. *Lewis*, 268 Ark. 359, 596 S.W. 2d 697 (1980); *Dupree* v. *State*, 271 Ark. 50, 607 S.W. 2d 356 (1980); *Divanovich* v. *State*, 273 Ark. 117, 617 S.W. 2d 345 (1981).

We note that although charges were filed on January 29, 1979, an attorney was not appointed for the appellant until August 13, 1979. Thus, for a period of more than six months the appellant did not have the assistance of counsel to help

him in any manner. Had the court acted during that time we might not have a problem now.

Rule 28.3 (c) excludes a period of delay resulting from a continuance granted at the request of a defendant or his counsel. However, the only request for a continuance in this case prepared and filed by appellant's counsel was at the direction of the court, and the prosecuting attorney has executed an affidavit that the motions were prepared solely at the instance of the trial court and the continuance was not due to the motions.

Rule 28.3 (b) provides for an excludable period of time which results from exceptional circumstances, such as congestion of the trial docket. Since the court is required to state such exceptional circumstances in its order continuing the case, we presume there was no such excludable period because there were no exceptional circumstances noted. Furthermore, in studying the abstracts, briefs and record of this case we have not found any order continuing this case although the November 14, 1979 trial date was passed.

It is also argued by the state that the period between the recusal of the prosecuting attorney and the filing of this appeal should be excluded under Rule 28.3 (h) for "other periods of delay for good cause." We found such exclusion in *Divanovich* v. *State*, supra, but the same reason does not apply to appellant because it was not his attorney who resigned. Therefore, there is no reason to include this period in such category because the court was under a duty to immediately appoint substitute state's attorney. It certainly was not the fault of the appellant that the prosecutor hired a codefendant's counsel to serve on his staff. Had appellant been granted a severance he would not have been affected by the recusal in the first place. Had a replacement attorney been immediately appointed for the deputy prosecutor in March 1980, there would have been no argument at all for a delay. Certainly, this action was detrimental to the accused and not the state. These being the only two periods of exclusion argued by the state, we do not search for others. We do not find that the state has discharged the burden of proving there were excludable periods of delay which would

bring the trial date within the limits set by our Rules of Criminal Procedure. It must be remembered that our rules are the outer limits, and we have stated that we may well grant relief under some circumstances in a period shorter than the maximum allowed by the rules. In *Matthews* v. *State*, supra, we stated:

> The rules set out in Article VIII of the Rules of Criminal Procedure were an effort to more precisely define what constitutes a "speedy trial" in the interest of persons accused of crime and the public and in clear recognition of *Barker* v. *Wingo*, supra. We perceive that there may be a denial of one's constitutional right to a speedy trial after a period of delay shorter than those permitted under Rules 28 and 30, but a much stronger showing of prejudice would be necessary than that made here to overcome the presumption that a time within the prescribed limits of these rules meets constitutional requirements.

It may be said that any time charges are pending against an inmate is prejudicial inasmuch as he is deprived of credit for good time during the pendency of such charges. Therefore, when a case is pending over an exceedingly long period the prejudice becomes more obvious. In addition, many witnesses were requested to be present in this case. It is logical to assume that many of these witnesses have since become located in different areas of the country or some may have even died. Another obvious prejudicial effect of the action taken by the state was the willful and deliberate destruction of appellant's records of his conviction and appeal at the time they moved him to another state. To leave charges pending for almost two years, without justification being proven by the state, is a violation of the principles laid down in *Barker* v. *Wingo*, supra, and our own Rules of Criminal Procedure.

The appellant makes a strong argument that our rules, as applied to him in the present case, were unconstitutional inasmuch as one prisoner was required to be released in a period of a little over six months. *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980). On the other hand, we held

that a trial within 18 months did not violate the speedy trial rules. *Matthews* v. *State*, supra. We have not heretofore been called upon to approve a period as long as the one in the present case, unless it was *Divanovich* v. *State*, supra. *Divanovich* is distinguishable from the present case in that appellant was in custody more than six months before an attorney was appointed for him; when he was moved out of state to federal prisons, without his consent and for no stated reason, his notes and records were willfully destroyed by the state; appellant made repeated requests for an omnibus hearing; and Divanovich's attorney requested to withdraw in order to join the prosecuting attorney's staff thereby causing a delay chargeable to Divanovich.

In view of the fact that we have found appellant was not granted a trial within the period allowed by the Rules of Criminal Procedure, it is not necessary for us to decide whether such rules are unconstitutional.

Writ granted.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. There is no substantial difference between this case and *Divanovich* v. *State*, 273 Ark. 117, 617 S.W. 2d 345 (1981). The defendants, Norton and Divanovich, were jointly charged and filed identical motions for continuances and recusal of the prosecuting attorney. Both filed numerous pleadings, making unreasonable demands on the state for the production of documents.

The trial judge continued the case because obviously neither party could be ready for trial. He failed to note on whose motions that the continuances were granted. The final motion to recuse the prosecuting attorney was granted and only because of that action the time exceeded three terms of court. The defendants asked for relief requiring a new prosecutor which required a further delay and they now complain that they were denied a speedy trial. The defendant's own actions required the delay, a matter he should not be able to use against the state.

Two men were charged together, filed identical motions, and were treated exactly the same. One, Divanovich, will go to trial; Norton will go free on this charge. I respectfully dissent.

HAYS, J., joins in this dissent.