Dwight David LOWE *v.* STATE of Arkansas

CR 86-66                                      720 S.W.2d 293

Supreme Court of Arkansas
Opinion delivered December 8, 1986

*Jones, Tiller & Walker,* by: *Marquis E. Jones,* for appellant.

*Steve Clark,* Att'y Gen., by: *William F. Knight,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. At issue in this case is

whether the appellant's right to a speedy trial has been violated. We hold that he was denied a speedy trial, reverse the trial court's decision to the contrary, and dismiss the charges against him.

The appellant was charged by information with theft of property on June 6, 1984. He was arrested on June 7, 1984, and released on bond. He filed a motion for discovery on August 22, 1984. On January 31, 1986, appellant filed a motion to dismiss the charges on speedy trial grounds. That motion was denied on February 4, 1986. The trial judge did not state any reasons for the denial. Appellant filed an interlocutory appeal of that decision with this court, although a writ of prohibition is the proper method of challenging the trial court's ruling. Ark. R. Crim. P. Rule 28.1(d). In disposing of this matter, we will treat this appeal as a petition for a writ of prohibition and decide the case on the merits. *See Norton* v. *State*, 273 Ark. 289, 618 S.W.2d 164 (1981).

Arkansas R. Crim. P. Rule 28.1(c) states:

> Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, including release from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Rule 28.2(a) provides that the time for trial shall commence running from the date the charge is filed unless circumstances exist that are not applicable here. Rule 28.3 lists excluded periods, but none are alleged by the state and none can be found in the court order, or elsewhere in the record.

Rule 30.1 reads as follows:

> [A] defendant not brought to trial before the running of the time for trial, as extended by excluded periods, shall be absolutely discharged. This discharge shall constitute an absolute bar to prosecution for the offense charged. . .

Once the speedy trial rules have been prima facie violated, the burden is upon the state to show good cause for the

untimely delay. *Glover* v. *State*, 287 Ark. 19, 695 S.W.2d 829 (1985). The state has not met its burden in this case in that no reasons are cited for the delay. In fact, the Attorney General's office rightfully concedes error on the part of the trial court.

Accordingly, the decision of the trial court is reversed and the charges against appellant are dismissed.