Pier L. CASOLI *v.* STATE of Arkansas

90-35                                                  790 S.W.2d 165

Supreme Court of Arkansas
Opinion delivered June 4, 1990

*William Isaacs*, for appellant.

---

*Steve Clark*, Att'y Gen., *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

■ DAVID NEWBERN, Justice. Pier L. Casoli, the appellant, sought a writ of prohibition and mandamus from the circuit court to prevent a trial from taking place in Huntsville Municipal Court and to have returned to him two appearance bonds which had been forfeited. The mandamus issue on the bond forfeitures is not argued in Casoli's brief now before us. With respect to the prohibition issue, he contended his right to a speedy trial would be violated if he were tried on a charge of driving while intoxicated, third offense. The circuit court denied the writ. The denial of the writ is not an appealable order, but we may treat the appeal as a petition to this court for a writ of prohibition, *Robinson v. Sutterfield*, 302 Ark. 7, 786 S.W.2d 572 (1990). We choose not to treat the appeal as a petition to this court, and we dismiss the appeal.

■ The circuit judge apparently was not asked to make detailed findings of fact, and thus the facts are not recited in the order denying mandamus and prohibition. We are unable to ascertain the facts from the record before us. For example, the record before the circuit court contained two municipal court docket sheets, one of which contains more information about relevant dates than the other. We cannot tell whether the augmented one is official. There is also a dispute as to how to treat time which passed after a bond forfeiture which apparently was agreed to by the municipal judge on condition that Casoli leave and not return to the court's jurisdiction. We cannot tell from the record whether Casoli absented himself from the jurisdiction, thus tolling the speedy trial time, and if so, for how long.

Unlike *Callender v. State*, 263 Ark. 217, 563 S.W.2d 467 (1978), this is not a case where facts showing a violation of the speedy trial right are clear. Nor is this case like *Divanovich v. State*, 273 Ark. 117, 617 S.W.2d 345 (1981), where we were able to say the petitioner had not presented facts sufficient to show a violation of Ark. R. Crim. P. 28 or the broader Sixth Amendment right pursuant to the test prescribed in *Barker v. Wingo*, 407 U.S. 514 (1972).

Appeal dismissed.