James T. McFARLAND *v.* Mark LINDSEY, Judge, West Fork Municipal Court

CR 98-1419                                                      2 S.W.3d 48

Supreme Court of Arkansas
Opinion delivered September 23, 1999

*Murphy & Carlisle,* by: *Marshall N. Carlisle,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. ■ Appellant, James McFarland, sought a writ of prohibition from the Washington County Circuit Court to prevent the West Fork Municipal Court from trying him for Driving While Intoxicated and Driving off the Pavement. McFarland alleged that the West Fork Municipal Court wrongly denied his motion to dismiss the charges on speedy-trial grounds. The Circuit Court declined to grant his petition for a writ of prohibition and McFarland seeks to appeal to this court pursuant to Ark. R. Crim. P. 28.1, which provides that criminal charges must be dismissed if the defendant is not tried within twelve months. The denial of a writ of prohibition is not an appealable order, but we may treat the appeal as a petition to this court for a writ of prohibition. *Casoli v. State,* 302 Ark. 413, 790 S.W.2d 165 (1990)(citing *Robinson v. Sutterfield,* 302 Ark. 7, 786 S.W.2d 572 (1990)). We deny the writ because the abstract does not contain all the information necessary for us to resolve the issues presented in appellant's petition.

Appellant was arrested on April 19, 1997, and cited to West Fork Municipal Court. A trial date was set, but several continuances were granted. Appellant filed a Motion to Dismiss on April 28, 1998, on the grounds that more than one year had elapsed since his arrest. On April 28, 1998, the trial judge denied the motion. Appellant filed a Petition for Writ of Prohibition in Washington County Circuit Court, and a stay of the municipal court proceedings was granted, pending the outcome of the hearing on the writ of prohibition. On August 17, 1998, the circuit court denied appellant's motion. From that decision appellant brings this appeal, calling into question whether the procedures utilized by the West Fork Municipal Court were sufficient to satisfy the requirements of Ark. R. Crim. P. 28.3(i), which required that all excluded periods of time be set forth by the court in a written order or docket entry.[1]

■ ■ A party seeking prohibition must produce a record sufficient for the court's review, *Sherwood v. Glover*, 331 Ark. 124, 958 S.W.2d 526 (1998), and in prohibition cases in which briefs are filed, such as this, an abstract is required. *Dean v. Plegge*, 331 Ark. 141, 958 S.W.2d 5 (1998). A petitioner seeking a writ of prohibition must produce a record sufficient to show that the writ is clearly warranted. *Sherwood, supra*. As in all such cases, the record is confined to that which is abstracted. *Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997). The abstract must contain "material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(6) (1999).

■ Appellant relies heavily in his argument upon the docket sheets from the municipal court, whose entries reflect the continuances granted by the court; the abstract of the testimony, however, suggests that some continuances were at the request of appellant. He has failed to abstract this exhibit relating to the continuances granted as shown by the entries on the docket sheet.

---

[1] This requirement was eliminated by our per curiam order amending the speedy trial rules, *In Re: Rules of Criminal Procedure—Rules 28, 29, and 30—Speedy Trial*, 337 Ark. 627 (1999).

Furthermore, appellant has omitted from his abstract of the hearing below the circuit judge's findings at the conclusion of the hearing concerning what periods of time he determined to be excludable from the speedy-trial calculation. Thus, we cannot know the periods of time that the trial court found to be excluded in accordance with Ark. R. Crim. P. 28.3. From the abstract presented, we have no way of resolving the issue whether a writ should have been granted. Consequently, appellant's abstract is flagrantly deficient under Ark. Sup. Ct. R. 4-2 (1999).

For these reasons, we summarily deny McFarland's petition for a writ of prohibition.

Denied.