## Sylvester RICHARDS v. STATE of Arkansas

CR 99-717                                              2 S.W.3d 766

Supreme Court of Arkansas
Opinion delivered October 14, 1999

*Bill Luppen*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. Appellant, Sylvester Richards, brings this interlocutory appeal from the Lonoke County Circuit Court's denial of Richards's motion to dismiss. Richards's contends that the criminal prosecution should have been dismissed for an alleged violation of the speedy-trial rule. We dismiss the appeal.

### Facts

On August 9, 1997, Officer Roger Shelton of the England Police Department stopped Sylvester Richards in his vehicle because Officer Shelton recognized Richards as someone who had several outstanding warrants in England. Officer Shelton advised Richards of his rights. Immediately thereafter, Richards fled the

scene. Officer Shelton subsequently impounded the car and, upon a routine inventory search, discovered what later tested to be a rock of cocaine in the floorboard of Richards's car.

On August 27, 1997, the Lonoke County prosecutor filed a felony information against Richards for possession of a controlled substance, a Class C felony. On that same day, the circuit court issued an arrest warrant listing Richards's address as 213 North Park Street in England. However, police did not apprehend Richards until over one year later on September 9, 1998. Police arrested Richards in Pulaski County during a routine traffic stop. Based upon that lapse of time, Richards's attorney filed a motion to dismiss on February 23, 1999, alleging Richards was not tried within twelve months of the filing of the information as required under Rules 28.1 and 28.2(a) of the Arkansas Rules of Criminal Procedure.

On April 13, 1999, the Circuit Court held a hearing on the motion to dismiss. The State presented Officer Shelton as a witness. Officer Shelton testified as to the discovery of the cocaine, as well as the police department's attempts to arrest Richards. Officer Shelton testified that after the arrest warrant was issued, he attempted to serve the warrant at the address listed. Officer Shelton testified that the address on the warrant was an address the police department previously had for Richards. Officer Shelton testified that he attempted on several occasions to serve the warrant at that address, he asked family members who were arrested during this period if they knew where Richards was, and he also entered Richards's name into the Arkansas Criminal Investigation Computer ("ACIC").

On cross-examination, Officer Shelton admitted that Richards had just been released from the penitentiary days before the traffic stop, and that he did not know where Richards was living at the time he was stopped. Officer Shelton stated that the address listed on the arrest warrant was an address the police department had for Richards which could have been five or six years old. In addition, Officer Shelton testified that the people he spoke with who lived at the address on the warrant told him the first time he went there that they did not know Richards's whereabouts. Officer Shelton also testified that he was not sure whether the people at that address were related to Richards. Despite this fact, Officer Shelton testified that he returned several times to question

these people about the whereabouts of Richards, and each time they told him they did not know where he was. Officer Shelton admitted that he did not attempt to contact the Department of Corrections to find Richards's most current address.

At the hearing and later in an Order filed April 14, 1999, the trial court ruled that there was no violation of the speedy-trial rule. The court based its decision on the grounds that the State made reasonable efforts to find Richards, as evidenced by the England Police Department's attempts to contact Richards at his last known address pursuant to Ark. R. Crim. Pro. 28.3(e) and by entering his name into the ACIC. Thereafter, Richards filed his Notice of Appeal on April 14, 1999. In its response brief, the State requests us to treat Richards's appeal as though it were a petition for writ of prohibition. For the reasons stated below, we decline that request.

*Interlocutory appeal*

■ We are unable to reach the merits of Richards's appeal because an interlocutory appeal is not the proper procedure for bringing a pretrial speedy-trial issue before us. The proper method for presentation is by petition for writ of prohibition. We adopted Ark. R Crim. P. 28.1 for the purpose of enforcing the constitutional provisions requiring a speedy trial. *Mackey v. State*, 279 Ark. 307, 651 S.W.2d 769 (1994). Ark. R. Crim. P. 28.1(d) notes that motions for dismissal, upon being denied by the trial court, may be presented to the Arkansas Supreme Court by petition for writ of prohibition. The rule does not authorize interlocutory appeals. Unfortunately, there are two cases which indicate that the we have treated interlocutory appeals from denials of speedy-trial dismissal motions as if they were petitions for writs of prohibition. *See Lowe v. State*, 290 Ark. 403, 720 S.W.2d 293 (1986) and *Norton v. State*, 273 Ark. 289, 618 S.W.2d 164 (1981). Subsequent to those cases is our decision in *Gammel v. State*, 318 Ark. 881, 890 S.W.2d 240 (1994), which holds unequivocally that there is no authority for an interlocutory appeal of the denial of a motion for dismissal on speedy-trial grounds. Clearly, there is a conflict of authority. We now resolve that conflict in favor of the plain language of Rule 28.1 and *Gammel*. The proper method for bringing a denial of a speedy-trial motion to our attention is by petition for writ of pro-

hibition. All other case authority to the contrary is hereby over-ruled. We dismiss Richards's appeal without prejudice.

Appeal dismissed.