Jeffrey Stewart SWARTZ *v.* The Honorable Chris PIAZZA, *Judge*

CR 03-58                                                  123 S.W.3d 877

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*Stephen E. Morley*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for respondent.

W. H. "DUB" ARNOLD, Chief Justice. Petitioner, Jeffrey Stewart Swartz, brings a petition for a writ of prohibition against Pulaski County Circuit Court, Second Division, naming Judge Chris Piazza as respondent. This petition arises from the trial court's order denying a motion to dismiss based upon violations of the speedy-trial provisions of Ark. R. Crim. P. 28. In his petition, petitioner seeks a writ of prohibition on his prosecution and a reversal of the trial court's denial of his motion to dismiss. Petitioner argues that the State has failed to bring him to trial within the 365 days required under Ark. R. Crim. P. 28.1. We deny the petition.

## I. Facts

On April 11, 2001, petitioner was arrested for driving while under the influence, driving with a suspended license, improper passing, no proof of liability insurance, and leaving the scene of an accident involving personal injury. On April 30, 2001, petitioner pled not guilty in North Little Rock Municipal Court. Trial was scheduled at that time for June 19, 2001; however, on the trial date, petitioner failed to appear. Bench warrants were later issued

on December 26, 2001. On February 6, 2002, the warrants were served, and petitioner was arrested for his failure to appear for trial on June 19.

A criminal information, charging petitioner with leaving the scene of an accident with injury (a felony) and violation of the DWI Omnibus Act, third offense, as well as driving with a suspended or revoked driver's license (misdemeanors) was filed on July 25, 2002. Bond forfeiture was ordered and was later set aside; and, on October 23, 2002, petitioner filed a motion to dismiss his charges for lack of a speedy trial.

A hearing on petitioner's speedy-trial motion was held on November 7, 2002, during which Judy West, the chief clerk for North Little Rock's Traffic Court, testified as the only witness. The State introduced State's Exhibit No. 1, which was identified as the "Municipal Court System's Judge's Calendar"; it was admitted into evidence. Clerk West testified that Exhibit No. 1 reflected the fact that petitioner failed to appear for trial on June 19, 2001, and that the court had, as a result, ordered bench warrants to be issued. She went on to testify that the warrants were not issued until December 26, 2001, because there was an influx of additional tickets being issued by state troopers at that time and that her office "simply got behind" in issuing bench warrants. She averred that the clerk's file did not contain a docket sheet with the judge's notes for June 19, but that the court's calendar, which was generated by a deputy clerk, reflected any oral orders made by the judge.

At the close of the hearing, Judge Piazza announced the issue to be whether there was a sufficient enough entry by the municipal court judge on June 19, 2001, to indicate a failure to appear, when all that was noted by the municipal court judge was "BW." The parties were ordered to file post-hearing briefs. On January 15, 2002, the circuit court issued an order generally denying petitioner's motion to dismiss. The order did not address what time was excludable for purposes of speedy-trial calculations.

Petitioner now seeks a writ of prohibition, contending that he is entitled to have his charges completely dismissed pursuant to Ark. R. Crim. P. 28.1(b) because a clear record was not made contemporaneously at the time he failed to appear for trial; and, as such, no excludable time for purposes of speedy-trial calculations exists. We disagree.

## II. Speedy Trial

■ Petitioner seeks a writ of prohibition against Judge Chris Piazza to prohibit him from conducting a trial on the basis that he had been denied a speedy trial. We note that petitioner erroneously seeks the writ against Judge Piazza. That is incorrect. Prohibition lies to the circuit court and not to the individual judge. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003); *Crump v. Ford*, 346 Ark. 156, 55 S.W.3d 295 (2001). Accordingly, we must treat the petition as one against the Pulaski County Circuit Court, Second Division. *Id.*

■ Petitioner argues that a writ of prohibition should issue. In *Doby v. Jefferson County Circuit Court*, 350 Ark. 505, 88 S.W.3d 824 (2002), we stated as follows:

> Pursuant to Ark. R. Crim. P. 28.1(d), a defendant may bring a petition for a writ of prohibition when the trial court denies the defendant's motion for dismissal under the speedy-trial rules. A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction.

*Id. (citing Gamble v. State*, 350 Ark. 168, 85 S.W.3d 520 (2002)). A writ of prohibition will not issue unless it is clearly warranted. *Id.*

■■ Under Ark. R. Crim. P. 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay which are excluded under Ark. R. Crim. P. 28.3. *Moody v. Arkansas County Circuit Court, Southern District*, 350 Ark. 176, 85 S.W.3d 534 (2002). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1. If, prior to that time, the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. Ark. R. Crim. P. 28.2. It is well settled that a defendant does not have a duty to bring himself to trial; rather, the burden is on the court and the prosecutor to see that the trial is held in a timely fashion. *Moody, supra.* Once a defendant establishes a *prima facie* case of a speedy-trial violation, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Id.*

▮▮ In the instant case, there were, indisputably, 560 days between April 11, 2001, when petitioner was arrested, and October 23, 2002, when petitioner filed his motion to dismiss based on speedy trial. Accordingly, petitioner has made a *prima facie* showing of a speedy-trial violation. *Id.*; *see also Chenowith v. State*, 341 Ark. 722, 19 S.W.3d 612 (2000). However, 232 days clearly passed between June 19, 2001, when petitioner failed to appear for trial, and February 6, 2002, when petitioner was arrested on the failure-to-appear bench warrants. Rule 28.3 of the Arkansas Rules of Criminal Procedure provides the periods of time that are to be excluded in computing the time for trial. *See* Ark. R. Crim. P. 28.3 (2003). Rule 28.3(e) states that "[a] defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial." Ark. R. Crim. P. 28.3(e). As such, the 232 days between June 19, 2001, and February 6, 2002, would be excludable for purposes of speedy-trial calculations, which leaves 328 non-excludable days from the date of petitioner's arrest until he filed his motion to dismiss. Therefore, petitioner's speedy-trial rights were not violated in this case. *See, e.g., Jones v. State*, 347 Ark. 455, 65 S.W.3d 402, *cert. denied*, 536 U.S. 909 (2002) (holding that defendant was tried within the one-year requirement of Rule 28 after the total excludable time was subtracted from the total amount of time that it took to bring the defendant to trial).

▮ In this case, petitioner merely quarrels over the adequacy of the municipal court's records reflecting his absence for trial on June 19, 2001. This Court has consistently held that failure to make a docket entry or written order relating to excludable periods does not warrant an automatic reversal under Rule 28.3 and that when a case is delayed by the accused and the delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirement of Rule 28.3. *Osborn v. State*, 340 Ark. 444, 11 S.W.3d 528 (2000).

▮▮ At the speedy-trial hearing on petitioner's motion to dismiss, Judy West testified that the record evidenced the petitioner's failure to appear for trial on June 19, 2001. She also testified that the court's calendar, generated by a deputy clerk, reflected any oral orders made by the judge. Consequently, even

though evidence of an actual docket entry by the municipal court judge was not presented at the speedy-trial hearing, we hold that the clerk's records, with the reference to "BW" for bench warrant, sufficiently memorialized the fact that petitioner failed to appear for trial on June 19 in order to satisfy the requirements of Rule 28.3. We, therefore, deny petitioner's petition for writ of prohibition.

Denied.

THORNTON, J., not participating.