Errick Deon BERRY *v.*
Honorable David G. HENRY, Circuit Judge

CR 05–389                                          216 S.W.3d 93

Supreme Court of Arkansas
Opinion delivered October 20, 2005

*Boyd & Buie*, by: *Christina Boyd* and *Rufus T. Buie, III*, for petitioner.

*Mike Beebe*, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for respondent.

ROBERT L. BROWN, Justice. Petitioner Errick Deon Berry petitions this court for a writ of prohibition against the circuit court based on this court's speedy-trial rule.[1] Specifically, he contends that the circuit court erred by denying his motion to dismiss, which was in violation of his guaranteed right to a speedy trial because he was not brought to trial within twelve months from the date of the charge and because the State failed to prove sufficient excludable

---

[1] This court has consistently stated that prohibition lies to the subject-matter jurisdiction of the circuit court and not to a judge. *See, e.g., Ford v. Wilson,* 327 Ark. 243, 939 S.W.2d 258 (1997). Though the style of this petition is directed toward the circuit judge and not to the circuit court, this court will treat the petition as though it correctly challenged the jurisdiction of the circuit court.

periods. The State concedes there was a speedy-trial violation. We grant the petition for writ of prohibition.

The following timeline is relevant for deciding this issue:

- November 5, 2003 – the State charged Berry by criminal information with four counts of delivery of controlled substances.

- November 5, 2003 – the circuit court issued an arrest warrant for Berry.

- April 22, 2004 – Berry was arrested on the aforementioned charges.

- May 11, 2004 – circuit judge, by filed letter, set Berry's trial for August 24, 2004.

- September 1, 2004 – circuit judge, by filed letter, reset Berry's trial for November 23, 2004, due to a "joint request."

- October 7, 2004 – circuit judge, by filed letter, reset Berry's trial for November 23, 2004, due to a "joint request."[2]

- December 3, 2004 – circuit judge, by filed letter, reset Berry's trial for March 8, 2005, due to "docket congestion" and noted that an older case was tried in its stead.

- The docket sheet further reflects the following occurrences:

    o August 24, 2004 – crime lab witness not available; continued to 11/23/2004 on "joint motion."

    o September 1, 2004 – case reset for jury trial ("joint request") to 11/23/2004 @ 8:30 AM.

    o October 7, 2004 – case reset ("joint request") for jury trial 11/23/2004 @ 8:30 AM.

    o December 3, 2004 – case reset for jury trial ("docket congestion") to March 8, 2005.

---

[2] The letters filed on September 1, 2004, and October 7, 2004, are very similar. The circuit judge reset the trial date for November 23, 2004, in both letters.

- February 25, 2005 – Berry filed a motion to dismiss his case for lack of a speedy trial.

- March 7, 2005 – a hearing was held before the circuit judge on Berry's motion to dismiss. The court found that because two periods of time were excludable periods, the case did not violate Rule 28.1 of the Arkansas Rules of Criminal Procedure. The judge denied Berry's motion to dismiss.

- March 8, 2005 – the circuit judge entered its order denying Berry's motion to dismiss. The order said in part:

   This case has been continued twice, the first time on the joint motion of the state and defense [unavailability of a crime lab witness], and the second time because a jury trial was held in an older criminal case [CR-2001-93]. The time encompassed within those two periods is excludable under Rule 28.

   Even if the time between the filing of the information [November 5, 2003] and the date of defendant's arrest [April 22, 2004] is counted against the time the state has to bring the defendant to trial, the excludable periods are more than sufficient to take this case out of the operation of Rule 28. Accordingly, the defendant's motion to dismiss is denied.

- April 4, 2005 – Berry filed in the circuit court a notice of filing a petition for writ of prohibition in this court and motion for continuance of trial date pending ruling on his petition for writ of prohibition.

- April 5, 2005 – circuit judge entered an order granting Berry's continuance. The judge stated that the trial shall be continued until the Arkansas Supreme Court has handed down an opinion regarding Berry's prohibition petition.

- April 6, 2005 – Berry filed his petition for writ of prohibition in this court.

The sole issue before this court is whether the circuit judge erred by denying Berry's motion to dismiss for lack of a speedy trial. The State concedes that Berry's petition for a writ of prohibition should be granted by this court. Nevertheless, we choose to address the issue.

Rule 28.1 of the Arkansas Rules of Criminal Procedure requires an accused to be brought to trial within twelve months unless necessary delay occurs as authorized under Arkansas Rule of Criminal Procedure 28.3. *See Moody v.Arkansas County Circuit Court, S. Dist.*, 350 Ark. 176, 85 S.W.3d, 534 (2002). We have explained the operation of these rules as follows:

> This means that a defendant must be tried within twelve months of the day the charges were filed, except that if prior to that time the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. Ark. R. Crim. P. 28.2. Once a defendant shows his trial took place outside the applicable speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Ferguson v.State,* 343 Ark. 159, 33 S.W.3d 115 (2000); *Gooden v.State,* 295 Ark. 385, 749 S.W.2d 657 (1988). If a defendant is not brought to trial within the requisite time, Ark. R. Crim. P. 30.1 provides the defendant will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with that speedy-trial violation. *Ferguson, supra.*

*Id.* at 181, 85 S.W.3d at 537.

As in Moody, supra, Berry was arrested after the criminal information containing the charges against him was filed in this case. Thus, the time commenced to run from the date the criminal information was filed, which was November 5, 2003. See Ark. R. Crim. P. 28.2; *Moody, supra.* Berry filed his motion to dismiss on February 25, 2005, which tolled the time for speedy-trial purposes. *See Ibsen v. Plegge,* 341 Ark. 225, 15 S.W.3d 686 (2000). He asserted that the total time from the filing of the criminal information to Berry's filing of his motion to dismiss amounted to 478 days. He has, therefore, demonstrated that as of the date he filed his motion to dismiss, the State was 113 days beyond the twelve-month limitation mandated under Rule 28.1. Berry, accordingly, has made a *prima facie* case of a speedy-trial violation, and the burden shifts to the State to show that the 113 days of delay were caused by the defendant or were not otherwise justified. *See Moody, supra.*

We begin by breaking down the 478 days into three relevant time periods:

- Time Period #1 — November 5, 2003 to August 24, 2004 (criminal information to first trial date) = 293 days

- Time Period #2 – August 24, 2004 to November 23, 2004 (witness unavailability/"joint motion") = 91 days

- Time Period #3 – November 23, 2004 to February 25, 2005[3] ("docket congestion") = 94 days

Time Period #1 is not at issue in this case, as it was considered by the circuit judge and the parties to be included in the speedy-trial calculation against the twelve-month (365 day) requisite period. The first period of delay we consider is Time Period #3 — the period from November 23, 2004 (when the circuit judge reset the trial date due to "docket congestion"), to February 25, 2005 (when Berry filed a motion to dismiss for speedy-trial reasons). The circuit judge moved Berry's court date forward from November 23, 2004, to a date more than three months later, which was March 8, 2005. Other than "docket congestion" the circuit judge's only explanation for resetting Berry's trial date was that a jury trial was held in an older criminal case.

Berry urges that the period of time included in Time Period #3 does not constitute an excludable period under Rule 28.3, because this court has held that a circuit judge's decision to continue a trial due to "docket congestion" is not a sufficient explanation to exclude the period of the delay from time to be included in the speedy-trial calculation. Berry further claims that the circuit judge's explanation failed to include any determination that the continuance would not prejudice Berry, or to give a reason for why the trial was not scheduled on the next available date as required by Rule 28.3(b).

Rule 28.3 allows for exclusions due to docket congestion when the judge explains with particularity the reason the trial docket does not permit trial on the original date. Rule 28.3(b)(1-3) provides:

> (b) The period of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted:

---

[3] The trial set for November 23, 2004 was moved due to a "congested docket." The State incorrectly describes what we have labeled as Time Period #3 as including the period of delay from December 3, 2004, to March 8, 2005, which was the date of the circuit judge's order denying the motion to dismiss as well as the date set for the new trial. The proper time to be discussed is the time from November 23, 2004, to February 25, 2005, the date the motion to dismiss was filed.

(1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled;

(2) the court determines that the delay will not prejudice the defendant; and

(3) the court schedules the trial on the next available date permitted by the trial docket.

In Moody, this court considered a period of delay where the petitioner's new trial date was delayed seventy days due to docket congestion, without any further explanation by the judge other than the cryptic notation, "older case disposed of." 350 Ark. at 185, 85 S.W.3d at 539. In Moody, supra, this court commented that nothing in the record or on the docket explained why a period as long as seventy days was required to dispose of another case. This court was concerned with the trial court's failure to offer an explanation as to why the petitioner's case could not have been tried closer in time to the original trial date, and noted that "[a] good many older cases might be disposed of in a seventy-day period." Id. at 185, 85 S.W.3d at 539. This court further said that "the law is well settled that congestion of the trial docket without more is not just cause for breaching the speedy-trial rule," and concluded that the lower court's explanation for the continuance was not described with particularity as required by Rule 28.3(b)(1). Id., 85 S.W.3d at 539-40. This court explained that Rule 28.3 includes mandatory language, as it says that excluded periods "shall" be set forth by the court in a written order or docket entry. Id. at 186, 85 S.W.3d at 540; Ark. R. Crim. P. 28.3(a). Because there was no record properly explaining why the trial court had chosen to exclude these days, this delay did not constitute an excluded period for purposes of Rule 28.3. See Moody, supra.

Using the Moody case as clear precedent, the period of delay at issue in this case likewise does not constitute an excludable period under Rule 28.3. Like the circuit judge in Moody, supra, the circuit judge in this case failed to offer a sufficient explanation for its decision to delay the trial date more than three months from the previous trial date. Further, more than three months is a much longer delay than is seventy days, which was the period of delay in Moody. Because "docket congestion" is not a just cause for violating the speedy-trial rule, and because the trial court failed to offer any further explanation to satisfy Rule 28.3, the period of

delay set out in Time Period #3 does not constitute an excludable period under that rule. Therefore, this ninety-four day time period is not excludable from the time that Berry may include in his speedy-trial calculation.

When we add Time Period #1 (293 days) to Time Period #3 (94) days, this amounts to a total of 387 days. Three-hundred eighty-seven days is well over the 365-day requisite period included in Rule 28.1. As a result, Berry's right to a speedy trial would be violated if he was tried at any future point for these charges. Because the amount of time in Time Period #3 is not excludable and when accumulated with the period of time in Time Period #1, exceeds 365 days, there is no reason for us to consider whether the days in Time Period #2 should have been excluded. Because the circuit court lacks subject-matter jurisdiction to try this case, Berry's petition for writ of prohibition is granted.

Petition granted.