Stevie Christine Wilson BOYD  *v.*
CIRCUIT COURT of SHARP COUNTY

06-553                                              241 S.W.3d 763

Supreme Court of Arkansas
Opinion delivered October 27, 2006

*Jerrie Grady Higginbottom*, for petitioner.

No response.

PER CURIAM. Stevie Christine Wilson Boyd petitions this court for a writ of prohibition in response to the circuit court's order to show cause for her refusal to abide by the circuit court's previous visitation order. In her amended writ of prohibition, Boyd argues that the order granting visitation was by default and did not comply with Ark. R. Civ. P. 55(b). Further, Boyd argues that the circuit court exceeded its authority in entering its show-cause order. We deny Boyd's petition without prejudice, and we order rebriefing.

Boyd gave birth to a girl on May 22, 2001. Alfred William Taylor was listed as the child's father on the birth certificate. Boyd and Taylor were not married. On August 27, 2002, Mr. Taylor filed a complaint to determine paternity with the Sharp County Circuit Court, but Boyd claims that she was never served with the paternity complaint.

On August 27, 2002, Mildred Taylor, the paternal grandmother of the child, filed a petition for grandparent's visitation through the original paternity action. On March 12, 2004, the circuit court entered an order granting Ms. Taylor's visitation with Boyd's minor child. Ms. Taylor then filed a motion to show cause on May 6, 2004, seeking a finding of contempt against Boyd for violating the visitation order. An order to show cause was entered on May 18, 2004. Boyd was found to be in contempt, and an order to that effect was entered on July 7, 2004.

On August 3, 2004, Boyd filed a motion to set aside default judgment, arguing that Ms. Taylor was not a party to the proceeding. On April 12, 2005, Ms. Taylor filed a motion to intervene. The circuit court heard Boyd's motion on April 18, 2005, and found that the July 7, 2004, order was to remain in effect. On May 9, 2006, Alfred Taylor filed a motion for order to show cause and a petition to establish paternity. The circuit court ordered Boyd to appear and to show cause on May 22, 2006. On May 18, 2006, Boyd petitioned our court for the issuance of a writ of prohibition to the Sharp County Circuit Court. Boyd filed an amended petition and brief on June 26, 2006. The State did not respond. We now consider Boyd's petition.

A party seeking prohibition must produce a record sufficient for the court's review, and in prohibition cases in which briefs are filed, such as this, an abstract is required. *McFarland v. Lindsey*, 338 Ark. 588, 2 S.W.3d 48 (1999). A petitioner seeking a writ of prohibition must produce a record sufficient to show that the writ is clearly warranted. *Id.* As in all such cases, the record is confined to that which is abstracted. *Id.* The abstract must contain "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5) (2006). Moreover, the addendum shall include the order, "along with other relevant pleadings, documents, or exhibits essential to an understanding of the case . . . [.]" Ark. Sup. Ct. R. 4-2(a)(8).

■ Here, Boyd failed to include an informational statement, jurisdictional statement, or an abstract, as required by Ark. Sup. Ct. R. 4-2(a); *see also McFarland, supra*. Boyd's addendum, which was included with the original petition filed on May 18, 2006, contains the show-cause order from which Boyd brings her petition. However, while Boyd's original petition, filed on May 18, 2006, contains an addendum, that addendum does not include the order entered on May 10, 2005, or any other previous orders that Boyd appears to have violated. Additionally, the addendum does not contain other relevant pleadings, which include, but are not limited to, the petition for grandparent's visitation, complaint to determine paternity, motion to intervene, and motion to set aside default judgment. We conclude that these documents are necessary to the understanding of this case. Ark. Sup. Ct. R. 4-2(a)(8). Therefore, we direct Boyd to file a complying abstract, brief, and addendum within seven days from the entry of this order. *See Arkansas Dep't of Human Servs. v. Collier*, 351 Ark. 380, 92 S.W.3d 683 (2002).

■ We further note our concern that the Attorney General's Office has not responded on behalf of Judge Phil Smith of the Sharp County Circuit Court. Because a response would assist this court in deciding the merits of Boyd's petition, we direct the Attorney General to file a response on behalf of Judge Smith within fourteen days of the filing of Boyd's revised abstract, brief, and addendum.

Petition denied without prejudice; rebriefing ordered.