Brandon L. PRINE *v.* STATE of Arkansas

07-10                                                    258 S.W.3d 347

Supreme Court of Arkansas
Opinion delivered June 7, 2007

*Bradley A. Chambliss,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Farhan Khan,* Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. Appellant, Brandon L. Prine, appeals the Jefferson County Circuit Court's denial of his petition for writ of prohibition seeking to prohibit his trial in district court. We dismiss Appellant's appeal.

On July 10, 2004, Appellant was issued a citation for driving while intoxicated and for speeding. His trial was set for March 8, 2005, in the Jefferson County District Court. After failing to

appear, Appellant's trial was reset for November 1, 2005. On October 31, 2005, Appellant filed a motion to dismiss for lack of speedy trial, arguing that 479 days elapsed between his arrest on July 10, 2004, and his trial date on November 1, 2005. The district court denied Appellant's motion to dismiss in a letter opinion dated December 7, 2005. On December 27, 2005, Appellant filed a petition for writ of prohibition in Jefferson County Circuit Court, seeking to prohibit his trial in the district court. In a hearing on May 3, 2006, the circuit court denied his petition, and the order denying the petition was filed June 12, 2006. Appellant now brings this appeal from the June 12, 2006, order.

For his first point on appeal, Appellant argues that the circuit court erred by denying his petition for writ of prohibition because there was no substantial evidence presented by the State to support the circuit court's finding that Appellant was unavailable, as required by Rule 28.3 of the Arkansas Rules of Criminal Procedure. Appellant contends that, while it is undisputed that neither he nor his counsel were present for trial on March 8, 2005, there has been no argument made nor any evidence presented to establish that he was absent or unavailable for any period other than March 8, 2005. Appellant further argues that there was not substantial evidence to support the circuit court's finding that the State met its duty of making a diligent, good-faith effort to bring Appellant to trial prior to the reset-trial date of November 1, 2005.

The State responds, arguing that Appellant was unavailable for trial on March 8, 2005, thus excluding the time period between his failure to appear, March 8, 2005, and the filing of his motion to dismiss, October 31, 2005, for speedy-trial purposes. The State asserts that Appellant incorrectly includes November 1, 2005, in his speedy-trial calculation because the date the speedy-trial motion is filed by a defendant tolls the running of the time for speedy trial. *See Dodson v. State*, 358 Ark. 372, 382-83, 191 S.W.3d 511, 517 (2004). The State also contends that the exclusion of this time period results in only 241 non-excludable days, and therefore, the speedy-trial rule was not violated. The State further argues that this issue was not preserved, and in the alternative, the issue was a factual dispute for which a writ of prohibition will not issue.

We have held that a defendant may bring a petition for a writ of prohibition when the trial court denies the defendant's motion for dismissal under the speedy-trial rules. *Swartz v. Piazza,* 354 Ark. 334, 123 S.W.3d 877 (2003) (citing *Gamble v. State*, 350 Ark.

168, 170, 85 S.W.3d 520, 522 (2002)). However, the denial of a writ of prohibition is not an appealable order. *McFarland v. Lindsey*, 338 Ark. 588, 2 S.W.3d 48 (1999); *Casoli v. State*, 302 Ark. 413, 790 S.W.2d 165 (1990). In *McFarland*, the petitioner sought a writ of prohibition to prevent the municipal court from trying him for driving while intoxicated and driving off the pavement on the ground that the municipal court wrongly denied his motion to dismiss on speedy-trial grounds. The Washington County Circuit Court denied the writ, and the petitioner appealed to this court. We held that the denial of a petitioner's writ of prohibition is not appealable, but that we may treat the appeal as a petition to this court. *Id.*

In the present case, the circuit court denied Appellant's petition for writ of prohibition, therefore, it is not appealable. Accordingly, we dismiss the case before us and overrule *McFarland, supra,* to the extent that it says we may treat the appeal as a petition to this court for a writ of prohibition.

Dismissed.

HANNAH, C.J., and DANIELSON, J., dissent.

JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. The writ should issue. The majority opinion does not cite *Richards v. State*, 338 Ark. 801, 2 S.W.3d 766 (1999); however, the decision in *Richards* was reached less than a month after the now overruled *McFarland v. Lindsey*, 338 Ark. 588, 2 S.W.3d 48 (1999), and clearly reveals the error in the present majority opinion. The court in *Richards* held as follows:

> We adopted Ark. R. Crim. P. 28.1 for the purpose of enforcing the constitutional provisions requiring a speedy trial. *Mackey v. State,* 279 Ark. 307, 651 S.W.2d 769 (1994). Ark. R. Crim. P. 28.1(d) notes that motions for dismissal, upon being denied by the trial court, may be presented to the Arkansas Supreme Court by petition for writ of prohibition. The rule does not authorize interlocutory appeals. Unfortunately, there are two cases which indicate that we have treated interlocutory appeals from denials of speedy-trial dismissal motions as if they were petitions for writs of prohibition. *See Lowe v. State,* 290 Ark. 403, 720 S.W.2d 293 (1986) and *Norton v. State,* 273 Ark. 289, 618 S.W.2d 164 (1981). Subsequent to

those cases is our decision in *Gammel v. State*, 318 Ark. 881,[1] 890 S.W.2d 240 (1994), which holds unequivocally that there is no authority for an interlocutory appeal of the denial of a motion for dismissal on speedy-trial grounds. Clearly, there is a conflict of authority. We now resolve that conflict in favor of the plain language of Rule 28.1 and *Gammel*. The proper method for bringing a denial of a speedy-trial motion to our attention is by petition for writ of prohibition. All other case authority to the contrary is hereby overruled.

*Richards*, 338 Ark. at 803-04, 2 S.W.3d at 768. The opinion in *Gammel* is a per curiam opinion and is devoid of analysis or authority. The entire opinion is short:

Ronald Wade Gammel was accused of drug offenses. His motion to dismiss for lack of a speedy trial was denied, and he filed a notice of appeal and attempted to lodge the record with this Court. The record eventually was filed after some difficulty concerning proper form.

Mr. Gammel now seeks a writ of certiorari to require the court reporter to put the record in proper form and assure that all necessary portions of the trial proceedings to date have been included. In his petition, he characterizes the proceeding here as "an interlocutory appeal pursuant to Rule 28.1(d), Ark. R. Crim P. (petition for writ of prohibition)."

There is no authority for an interlocutory appeal of the denial of a motion for speedy trial. Assuming the writ of prohibition is the remedy sought, we have yet to receive a petition for such a writ, thus the filing of the record is premature.

In view of the circumstances, including Mr. Gammel's counsel's doubt as to the completeness and proper form of the record he has submitted, we deny the writ of certiorari and instruct the Clerk to return the record to Mr. Gammel.

*Gammel v. State*, 318 Ark. 880, 881, 890 S.W.2d 239, 240 (1994). Certainly, as the opinion in *Richards* states, the court in *Gammel* held that there is no authority for an interlocutory appeal of the denial of a

---

[1] The correct citation is *Gammel v. State*, 318 Ark. 880, 890 S.W.2d 240 (1994).

motion for speedy trial; however, in *Richards*, the court in stating that *Gammel* held unequivocally that there is no authority for an interlocutory appeal of the denial of a motion for dismissal on speedy-trial grounds, implied that the holding was on sound ground when it was based on no ground whatever. It was simply a bald assertion in a per curiam opinion that was in direct contradiction to a number of well-reasoned cases, including the now overruled *McFarland*. *McFarland* was decided less than one month before *Richards* and was not even mentioned in the opinion. It is *Richards* and *Gammel* that this court should be overruling. Neither case is sound.

Pursuant to this court's opinion in *Richards*, "[w]e adopted Ark. R. Crim. P. 28.1 for the purpose of enforcing the constitutional provisions requiring a speedy trial." *Richards*, 338 Ark. at 803, 2 S.W.3d at 768. Thus, in Arkansas, the fundamental right to a speedy trial is protected by Rule 28.1. In *Richards*, the court stated that "[t]he proper method for bringing a denial of a speedy-trial motion to our attention is by petition for writ of prohibition." *Richards*, 338 Ark. at 803, 2 S.W.3d at 768. Yet, a petition for writ of prohibition is incapable of performing this function.

Prine brought his motion under Rule 28.1 in the district court. The motion was denied. He then filed a petition for writ of prohibition in the circuit court which denied his petition. He therefore filed an appeal from the decision of the circuit court. An appeal is proper. This procedure has been followed before. *See Neeve v. City of Caddo*, 351 Ark. 235, 91 S.W.3d 71 (2002).

Had Prine filed the now required petition for writ of prohibition, it would have been denied because prohibition does not lie to correct erroneous action of a trial court. *Lenser v. McGowan*, 358 Ark. 423, 191 S.W.3d 506 (2004); *State v. Nelson, Berry Petroleum Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969). Further, a petition for writ of prohibition may not be substituted in place of an appeal. *Dean v. Williams*, 339 Ark. 439, 6 S.W.3d 89 (1999); *H. B. Deal & Co., Inc. v. Marlin*, 209 Ark. 967, 193 S.W.2d 315 (1946). Further still, a writ of prohibition does not lie to address constitutional errors, and that is precisely what is at issue, whether the right to a speedy trial was violated. *State v. Webb*, 323 Ark. 80, 913 S.W.2d 259 (1996).

It is obvious that a writ of prohibition cannot be used in this setting because it may only issue when the lower court is wholly without jurisdiction. *Nucor Corp. v. Rhine*, 366 Ark. 550, 237

S.W.3d 52 (2006); *Breshears. v. Williams*, 223 Ark. 368, 265 S.W.2d 956 (1954). Jurisdiction is not at issue. The question is whether the lower court erred in denying the motion to dismiss. If the lower court was wholly without jurisdiction how was it to entertain the motion to dismiss at all?

The drafters of Rule 28.1 erred in assigning a petition for writ of prohibition as the means to review a decision of a lower court. The writ cannot do that. We should not allow reason and justice to be held hostage to an obvious mistake in drafting.

When a trial court issues a ruling, review in this court is under appellate jurisdiction. *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004). On the other hand, a petition for writ of prohibition invokes original jurisdiction. Ark. Const. amend. 80, § 2. "Original jurisdiction is the power to hear and decide a matter before any other court can review the matter." *Black's Law Dictionary*, 869 (8th ed. 2004). It is the jurisdiction to decide a matter in the first instance. *Wooley v. State Farm Fire and Cas. Ins. Co.*, 893 So. 2d 746 (La. 2005). If this court is hearing the issue of the violation of the speedy trial rule for the first time under original jurisdiction, it renders the right to move the trial court under Rule 28.1(d) superfluous. Yet under *Richards, supra,* the motion to dismiss under Rule 28.1 is the means this court has provided "of enforcing the constitutional provisions requiring a speedy trial." *Richards*, 338 Ark. at 803, 2 S.W.3d at 768.

By stating in the Rule that upon denial of the motion resort is to this court, the intent was for this court to apply appellate review. The issue of whether review of the denial of motions to dismiss should be changed to an interlocutory appeal similar to that provided in Ark. R. Crim. P. 24.3 should be referred to the Rules Committee. However, that mistake in drafting, which admittedly has been passed on into the law by a number of opinions of this court, should not trump our duty to justice. The majority elevates form over substance. Under the now overruled line of cases ending with *McFarland*, this court would hear this case and should hear it. To not hear this matter now is to waste judicial and private resources, force a trial when one is not required, and deny Prine his right to a speedy trial.

Prine has shown that his right to a speedy trial was violated. The State concedes that Prine made a prima facie showing. Therefore, the State bore the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Berry v.*

Henry, 364 Ark. 26, 216 S.W.3d 93 (2005). After the district court refused to dismiss his case, Prine sought a writ of prohibition from the circuit court, and now appeals from the denial of that petition. This court has permitted this approach. *See, e.g., Neeve, supra.* The circuit court stated, "I am left to make a judgment . . . without anybody presenting anything to me to reach a decision on what was done when." Thus, as the circuit court found, but abused its discretion in failing to grant the petition, the State failed to bear its burden. Prine is thus entitled to an absolute bar to prosecution. *See* Ark. R. Crim. P. 28.1(e). Therefore, I dissent.

DANIELSON, J., joins.